STEPHEN MANKO, Appellant, *v.* CITY OF BUFFALO et al., Respondents.

Argued January 11, 1945; decided April 5, 1945.

110

*Thomas J. McKenna* for appellant.

*Andrew P. Ronan, Corporation Counsel* (*Bart J. Shanahan* of counsel), for respondents.

THACHER, J. Section 21 of the Civil Service Law affords to honorably discharged soldiers, sailors, marines and nurses of the army, navy or marine corps of the United States, disabled in the actual performance of duty in any war, a preference in appointment to positions in the public service. A refusal to allow this preference is denounced by the section as a misdemeanor, and an honorably discharged disabled veteran who has been denied the preference is given "a right of action therefor in any court of competent jurisdiction for damages, and also a remedy by mandamus for righting the wrong."

In a proceeding under article 78 of the Civil Practice Act the plaintiff, a disabled veteran, asserted that he was entitled to and had been deprived of a preference in appointment to the position of supervisor of automobiles in the Police Department of the City of Buffalo. In that proceeding he obtained an order directing his appointment to the position. (*Matter of Manko* v. *City of Buffalo,* 293 N. Y. 669.) He has since been appointed to the position and has brought this action for "damages" as provided by the statute.

It seems quite clear from the wording of the statute that there is but a single cause of action for damages resulting from the refusal of the preference. Plaintiff, however, having been put to very substantial expense for legal services necessarily incurred in the enforcement of his remedy under article 78 and in contempt proceedings to enforce the order therein, the reasonable value and agreed price of which is alleged to be the sum of $15,000, has seen fit in his complaint in this action to divide his single cause of action in two. In a first cause of action he seeks to recover his loss of salary of $300 a month during the period for which he was kept out of the position from April 23, 1942, to June 25, 1944, less earnings received during this period of $306.82, and then, in " a second, separate, other and further cause of action ", plaintiff realleges all the allegations previously alleged except those with relation to the loss of his earnings, and in lieu thereof alleges the circumstances under which and the legal services for which he became obligated to the extent of $15,000.

A motion made by the defendants to dismiss the so-called second cause of action, upon the ground that it failed to set forth facts sufficient to constitute a cause of action, was denied by Special Term but its order was reversed by the Appellate Division, which granted the motion and directed judgment dismissing the " second cause of action ". From that judgment the plaintiff has appealed to this court. The motion to dismiss was properly denied at Special Term because the complaint in all its parts alleged but a single cause of action for damages predicated upon the statute and the motion was addressed, not to the sufficiency of facts constituting that cause of action, but merely to the right to recover as part of the damage expenses incurred for attorneys' fees. One statement of the cause of action could not be dismissed without dismissing both. By dividing the damage one cannot divide a single cause of action. For this reason only, and without consideration of the damages which may be recovered under the statute, the judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Judgment accordingly.