MINNIE C. WYKER, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim Nos. 27847, 27957.)

Court of Claims, February 19, 1947.

*Nathaniel L. Goldstein*, Attorney-General (*Marvin P. Lazarus*, *Arthur W. Mattson* and *Elias Schwarzbart* of counsel), for defendant.

*Maurice Lane* for claimant.

CHARLES B. SEARS, Official Referee. There has been referred to the undersigned Referee by order of the Court of Claims, to hear and determine, a certain motion made by the State to dismiss this claim on the principle of *res judicata* because of a prior judgment of the Court of Claims in favor of the James Frazee Milling Company, a predecessor in title of the present claimant.

The general background of the situation at, above and below Baldwinsville dam of the Seneca River and the water power arising therefrom is set out with particularity in the opinion of Official Referee FREDERICK COLLIN in *Frazee Milling Co.* v. *State of New York* (122 Misc. 545) and in the opinion of Judge RIPPEY in *National Cellulose Corp.* v. *State of New York* (292 N. Y. 438) supplemented to a slight extent by the opinion of the undersigned in *Mercer Milling Co.* v. *State of New York* (decided herewith). In the *Mercer Milling Company* case the Referee has determined not to dismiss the claim on the principle of *res judicata* because water power rights were not compensated for in the earlier case of Mercer Milling Company there involved. This decision is based not only upon the peculiar circumstances connected with the decision of the earlier *Mercer Milling Company* case but also on the ruling of the Court of Appeals in *National Cellulose* case (*supra*). An examination of the judgment in the *Frazee Milling Company* case is quite to the contrary with respect to the taking of the water power rights. Compensation for deprivation of water power rights and appropriation thereof was included in the judgment in the *Frazee* case (*supra*). Even though it should be found that every element was not covered, it must be remembered that there cannot be a splitting of causes of action because an item of a claim or damage has not been covered in a prior action. (*Manko* v. *City of Buffalo*, 294 N. Y. 109.)

The rule of *res judicata* as stated by CARDOZO, Ch. J., in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304, 306–307) is applicable here. " A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first * * *."

In the judgment of the Referee everything sought in this claim was or should have been determined in the *Frazee* case (*supra*).

The Referee is of the opinion that the *Cellulose* case (*supra*) is not in point here; that the rule of *res judicata* applies and he, therefore, determines that the motion of the State should be granted and the claimant's claim dismissed.