SAUL KRAMEISEN, Plaintiff, *v.* WALTER WEINSTEIN, Defendant.

Supreme Court, Special Term, Kings County, December 29, 1947.

*Abraham Feit* for plaintiff.

*M. Marc Spar* for defendant.

FROESSEL, J. Plaintiff moves for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice. Defendant cross-moves for the same relief. I will consider the cross motion first.

The complaint attempts to allege three causes of action. As a first cause of action, plaintiff alleges that the defendant was the owner of certain premises at 536 Junius Street, Brooklyn, New York, on which stood a factory building that had been occupied by the plaintiff for many years under a written lease which had expired. Plaintiff continued in possession, however, as a statutory tenant. On April 23, 1946, the defendant caused to be served upon the plaintiff a thirty-day notice terminating the tenancy on the ground that the defendant required the building for his own personal use. Thereafter summary proceedings were instituted in which possession was awarded to the defend-

ant. Plaintiff, being unable to secure other suitable quarters, purchased a vacant plot and constructed a factory building. Because of the present market conditions, the cost of constructing this new building was exorbitant, and plaintiff has been damaged in the sum of $15,000.

Thus far no wrong has been alleged. Obviously, plaintiff's *unalleged* grievance against the defendant is that he failed to use the premises for his own personal use, but after plaintiff had vacated it, sold the building to a third party. This information is obtained from the allegations of the second cause of action. While plaintiff has realleged the entire first cause of action as part of the second, he has not alleged the facts contained in paragraphs tenth and eleventh as part of his first cause of action. On its face, therefore, that cause of action is insufficient.

The second cause of action merely alleges, additionally, that defendant failed to occupy the premises himself, sold them to another, to plaintiff's damage in the sum of $5,000.

For his third cause of action, plaintiff realleges the first two causes of action, and an additional paragraph in which he alleges that the forced removal of his plant, machinery and other materials damaged him in the sum of $5,000.

The Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1947, ch. 822) provides in part as follows: " If such landlord or such person shall fail, after thirty days subsequent to dispossessing a tenant under the provisions of this subdivision, to occupy such space and actively to conduct such business therein, or if such landlord or such person shall lease or rent such space to or permit occupancy thereof by a third person within a period of one year after such dispossession, he shall be liable to the tenant for all damages sustained on account of such removal. In addition to any other damage, the cost of removal of plant and property shall be a lawful measure of damage * * *." (§ 8, subd. [d].) Obviously this creates but one cause of action, and plaintiff's attempt to split it into three causes by alleging separate items of damage is unavailing. It still constitutes one cause of action. As was said in *Manko* v. *City of Buffalo* (294 N. Y. 109, 111: " By dividing the damage one cannot divide a single cause of action."

Inasmuch as the plaintiff's pleading is bad insofar as the first cause of action is concerned, and he has attempted to state in three causes of action what actually constitutes one, I will grant the defendant's motion, with leave, however, to plaintiff to serve an amended complaint within twenty days after service

of a copy of the order to be entered hereon, alleging a single cause of action with such items of damage as he may have suffered. This disposition renders it unnecessary to consider the plaintiff's motion.

Settle order on notice.