## HARDWARE MUT. CAS. CO. v. MASON-MOORE-TRACY, Inc.

### No. 84, Docket 22146.

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1951.

Decided Feb. 13, 1952.

Wasserman, Behr, & Shagan, New York City, for defendant-appellant, Mason-Moore-Tracy, Inc.; Bernard A. Green, New York City, counsel, and Arnold Ostwald, New York City, on the brief.

Hughes, Flamman & Simpson, New York City, for plaintiff-appellee, Hardware Mut. Cas. Co., James A. Hughes, New York City, counsel.

Before SWAN, Chief Judge, and L. HAND and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff is a Wisconsin and the defendant a New York corporation. On September 23, 1943 the plaintiff issued to the defendant a Manufacturers' and Contractors' policy wherein it undertook to insure the defendant for liability incurred in its business of moving machinery and equipment including rigging operations during the period between September 23, 1943 and September 23, 1944.

The plaintiff brought this suit to obtain a declaratory judgment relieving it from liability to the defendant under the policy. It obtained such a judgment in the court below.

The pertinent coverage provisions of the policy are as follows: *"Coverage B. Property Damage Liability.* To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed * * * by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined."

The hazards referred to are defined in Division 1(a) as all operations during the policy period which are necessary or incidental to the ownership, maintenance or use of the premises. Under the heading of "Exclusions" the policy provided as follows:

"This policy does not apply:

* * * * * *

"(i) under Coverage B, with respect to Divisions 1 * * * of the Definition of Hazards, to injury to or destruction of property owned, rented, occupied or used by or in the care, custody or control of the insured."

During the period of coverage the defendant entered into an agreement with T. M. Stewart, Inc., to move certain carpet cleaning machinery from premises occupied by Stewart at 438 West 51st Street, Manhattan, New York. The trial court found that in the course of the work the defend-

ant's riggers were attempting to remove from the building a heavy piece of machinery known as a "rug beater." They suspended it within the cage of an elevator operated on the above premises by means of a rope attached to the top of the elevator shaft and running down to the rug beater through an opening in the top of the elevator cage. While the rug beater was in the cage the elevator began to move up and down. This caused the rope suspending the rug beater to break and the entire weight of it to come to rest on the floor of the elevator. As a result the elevator descended to the bottom of the shaft and was damaged by the impact. The defendant employed The Maintenance Company, Inc., to raise the elevator but in the course of the operations the elevator again fell and further damage was done to it and its equipment.

The Fishers, who owned the building at 438 West 51st Street, and Auto Van & Warehouse Corporation, the lessees of the lower floors, brought action in the New York State Court against Mason-Moore-Tracy, Inc., T. M. Stewart, Inc., the owner of the rug beater and other property, and The Maintenance Company to recover damages for the injury to the elevator and its equipment occasioned through negligence and also to recover for the loss of the use of portions of the premises arising after the elevator was put out of service and the premises had thereby become unavailable for rental. That action was settled for $3,300, of which Mason-Moore-Tracy, Inc., paid $1,300 as its share of the damages.

Mason-Moore-Tracy, Inc. (hereinafter called Mason), thereafter sued the Casualty Company in the New York State Court to recover the $1,300 which it had paid to the owners of the building for injury to the elevator and its equipment and also $6,250 which it had paid to its attorneys for defending the action by the owners of the building and its lessees. That suit was removed to the United States District Court and is still pending. The Casualty Company then brought the suit at bar for a declaratory judgment to relieve it of liability under its policy which, as we have already said, was decided in its favor by the

trial court. The first question presented is whether the Casualty Company assumed an obligation under the insurance policy to indemnify Mason with respect to any liability for the property injured. The complaint of the Auto Van & Warehouse Corporation set forth two items of damage: (1) damage to the elevator and its machinery, and (2) damage for the loss of use of the building for rental and business purposes occasioned by the loss of use of the elevator. The property damage coverage clause of the policy stated that the insurer will pay "* * * on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined." There is no serious dispute that the accident arose out of an operation which was "* * * necessary or incidental to the ownership, maintenance or use of the premises * * *" one of the hazards defined in the policy. However, the Casualty Company's disclaimer of liability rests on the policy's exclusion clause (h) (i) which excludes from property damage coverage any "injury to or destruction of property owned, rented, occupied or used by or in the care, custody or control of the insured."

As to the first item of damage, the defendant contends that since it did not have "control" of the building in which the elevator was located, the exclusion clause does not apply. A. T. Morris & Co. v. Lumber Mutual Casualty Co., 163 Misc. 715, 298 N.Y.S. 227. But the exclusion clause requires only that the insured be in "control" of the property actually injured, i. e., the elevator. The defendant's further contention, that the complaint of the Auto Van & Warehouse Corporation alleged that Mason's "control" and "use" of the elevator was jointly exercised with Stewart, and later with The Maintenance Company, is also without merit. It suffices to say that Mason was "using" the elevator each time it fell, Lee v. Aetna Casualty & Surety Co., Cir. 2, 178 F.2d 750, and that being so, the exclusion clause is applicable whether Ma-

son's use was exclusive or in conjunction with Stewart and The Maintenance Company.

 The issue is not so clear as to the second item of damage, the loss of use of certain parts of the building. The district court held that that loss was but one item of damage arising out of a single cause of action and was also excluded since the injury to the elevator—which was the basis of the action—was excluded. The defendant correctly argues that a pleading test of what constitutes a cause of action, which test the district court applied, see Manko v. City of Buffalo, 294 N.Y. 109, 60 N.E.2d 828, does not control the question whether the parties agreed that such a loss should or should not be excluded. Nevertheless, irrespective of the applicability of this pleading test, we think that the exclusion clause exempted the type of loss here in question from coverage under the policy. It is true that the parts of the building as to which a rental and business loss was claimed were not owned, controlled or used by Mason and hence the loss claimed does not fall within the literal wording of the exclusion clause. It seems unreasonable to suppose that the parties intended the insured to bear the risk of any injury to property used by it, but not to suffer the indirect and more remote consequences which that injury might have to other property which it had not used; it would in effect mean that the exclusion clause excluded from coverage only part of the loss arising out of injury to property used by the insured. On the contrary, the exclusion clause was as broadly written as the coverage clause. Accordingly, if the loss was one which arose out of injury to excluded property, it too would seem to be excluded.

 This brings us to the second question: whether the Casualty Company was obliged to defend the Auto Van & Warehouse suit on behalf of Mason. The defendant concedes in its brief that the measure of the Casualty Company's obligation to defend depends on whether the facts alleged in the complaint in that action stated a claim covered by the policy. Lee v. Aetna Casualty & Surety Co., supra, 178 F.2d

at page 751; Pow-well Plumbing & Heating, Inc., v. Merchants Mutual Casualty Co., 195 Misc. 251, 255, 89 N.Y.S.2d 469. We have already answered this question in the negative, and feel that there was no fair doubt that the coverage of the policy did not embrace the claims asserted against Mason. If so, there could be no obligation on the part of the Casualty Company to defend or to repay the attorneys' fees.

For the foregoing reasons the judgment of the court below is affirmed.