**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Plaintiff,**

v.

**DENMARK FOODS, Inc., George W. Morris, Mae B. Morris, H. F. Phillips, Sr., and H. F. Phillips, Jr., Defendants, and American Guarantee and Liability Insurance Company, Additional Defendant.**

**Civ. A. No. 3456.**

United States District Court, E. D. South Carolina, Orangeburg Division.

Jan. 31, 1955.

Nelson, Mullins & Grier, Columbia, S. C., for plaintiff.

T. B. Bryant, Jr., Orangeburg, S. C., for defendant Denmark Foods, Inc.

Hagood, Rivers & Young, Charleston, S. C., for defendant American Guarantee & Liability Ins. Co.

WYCHE, District Judge. (Sitting by designation)

This is an action for a declaratory judgment which was brought originally by the plaintiff American Casualty Company of Reading, Pennsylvania, against the defendants Denmark Foods, Inc., George W. Morris, Mae B. Morris, H. F. Phillips, Sr. and H. F. Phillips, Jr. By stipulation the defendants George W. Morris and Mae B. Morris were later eliminated as unnecessary parties. On motion of the defendant Denmark Foods, Inc., American Guarantee and Liability Insurance Company was added as an additional defendant by order of the Court dated August 21, 1953.

7. Moore's Commentary on the U. S. Judicial Code, pp. 251-252.

Denmark Foods, Inc. operates a pickle processing plant at Denmark, South Carolina. On or about March 23, 1951, it was issued an automobile liability policy by the plaintiff American Casualty Company, and a comprehensive general liability policy by the additional defendant American Guarantee and Liability Insurance Company. Each policy was dated that day and was written for a term expiring March 23, 1952. Each policy contained a limit of liability as to property damage liability, the coverage involved here of $5,000 for each accident.

On or about June 2, 1951, an accident occurred in the Town of Smoaks, South Carolina, in which a truck owned by H. F. Phillips, Jr., driven by one Holland Williams, and transporting a load of cucumbers of Denmark Foods, Inc., caused extensive damage to certain real and personal property of George W. Morris and Mae B. Morris.

Separate actions were instituted by the latter against Denmark Foods, Inc., H. F. Phillips, Sr. and H. F. Phillips, Jr., as defendants, in the Court of Common Pleas for Colleton County, South Carolina, seeking the recovery of damages in the amounts of $20,000 and $15,000, respectively.

American Guarantee and Liability Insurance Company, when given notice of the actions by Denmark Foods, Inc., caused appearances to be entered therein for the defendants through its attorneys, reserving its rights in respect to coverage.

The complaints in the actions were thereafter filed, the plaintiffs alleging therein, among other things, that the truck was being driven at the time of the accident by Williams as the servant of the defendant Denmark Foods, Inc. They also alleged that the truck had defective brakes and was in bad mechanical condition, and that it was heavily and excessively loaded on the occasion in question with cucumbers of Denmark Foods, Inc. The specifications included charges of negligence on the part of the defendants in permitting the truck to be used in a defective condition, in employing a driver known to the defendants to be unskilled, reckless and incompetent, and in permitting the truck to be overloaded with cucumbers of the Company.

Upon inspection of the complaints, American Guarantee and Liability Insurance Company informed Denmark Foods, Inc. that in its considered opinion its policy "is not applicable to the allegations expressed in the Complaint filed," and that it was not undertaking the defense of the actions.

American Casualty Company took over the defense of the actions under a non-waiver agreement, and also instituted the instant action to obtain an adjudication of the rights of the parties.

In the State court actions, Denmark Foods, Inc. denied that the driver of the truck was its servant; admitted that H. F. Phillips, Jr. was the local manager of its receiving station at Cottageville, but alleged that his duties as manager did not include the transportation of cucumbers, or the employment of any agent or servant for such purposes; and alleged that the cucumbers referred to in the complaints were being transported by Phillips under a contract of carriage between it and Phillips at a stipulated price per bushel, that the truck was not its property, and was not being operated by its agents or servants, and that it had no control or direction of the truck or its driver on the movement in question.

Before the State court actions were reached for trial they were ended by a compromise settlement with George W. Morris and Mae B. Morris in the aggregate amount of $5,000, whereof Denmark Foods, Inc. put up $1,000 and the remaining $4,000 was loaned to it by the plaintiff American Casualty Company.

In view of the fact that the complaint contained allegations whereunder the plaintiffs might have made recoveries against Denmark Foods, Inc. based upon its own negligence in the particulars

above mentioned, despite the defense of independent contractor and the fact that Williams was not its servant, there appears to be no basis of holding that the settlement was not justified on the merits. On the contrary, the circumstances surrounding the liability issue in the actions strongly indicate that the settlement was an advisable one.

Denmark Foods, Inc. thereupon made the motion in the instant case which resulted in the order that the American Guarantee and Liability Insurance Company be brought in as an additional defendant, and it claims by its amended answer that one or both of the policies afford coverage of the accident and the resulting loss, and prays judgment in its favor for $5,000, the amount of the compromise settlement.

The evidence adduced at the trial of the instant action established that, although H. F. Phillips, Jr. was the local manager of Denmark Foods, Inc. at its Cottageville receiving station, the truck involved in the accident in question was then being operated under an agreement between him and Denmark Foods, Inc., which was apart from and not connected with his employment by Denmark Foods, Inc., whereby he agreed to transport cucumbers for it from the Cottageville station to the processing plant at Denmark. Under this agreement Phillips was to be paid eight cents per bushel for cucumbers delivered by him at the processing plant. Phillips furnished his own equipment and driver, and during the 1951 season he earned approximately $1,000 under this agreement. Williams was employed by Phillips as a truck-driver and was paid $2 per trip by Phillips. The truck involved in the accident in question was a 1947 Ford truck owned by Phillips, and registered in his name with the State Highway Department. Denmark Foods, Inc. had no interest in the truck.

The American Casualty Company's policy covers certain motor vehicles owned by the insured Denmark Foods, Inc. which are listed therein, and binds the company to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of such listed motor vehicles.

Attached to the policy are an employer's non-ownership liability endorsement and a hired automobile endorsement.

The non-ownership endorsement includes within the property damage liability coverage of the policy (so far as the named insured or an executive officer is concerned) the use in the named insured's business (as stated in the declarations) "by any employee of the named insured, of any non-owned automobile of the commercial or truck type if such use of such automobile is occasional or infrequent."

The hired automobile endorsement defines a "hired automobile" as "a land motor vehicle * * * used under contract in behalf of * * * the named insured provided such automobile is not owned by or registered in the name of (a) the named insured or (b) an executive officer or partner thereof or (c) an employee or agent of the named insured who is granted an operating allowance of any sort for the use of such automobile * * *" and includes hired automobiles within the property damage liability coverage of the policy, except that the owner of a hired automobile or any employer of such owner are not included within the definition of insured agreement of the policy.

The American Guarantee and Liability Insurance Company's policy binds the company to pay on behalf of the insured Denmark Foods, Inc. all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.

Among the hazards insured against is "(c) Independent Contractors—Let or sublet work." The policy does not apply to automobiles while away from premises owned, rented or controlled by

the named insured "except with respect to operations performed by independent contractors * * *."

It seems clear to me that the accident in question and the property damage losses which resulted therefrom were covered as to Denmark Foods, Inc. by each of these policies.

The hired automobile endorsement to the American Casualty Company policy afforded coverage because at the time of the accident the truck was being used under contract in behalf of the named insured Denmark Foods, Inc. and Phillips, the owner of the truck, was not receiving any sort of operating allowance for its use.

The independent contractor coverage in the American Guarantee and Liability Insurance Company's policy afforded coverage because Phillips was an independent contractor as to the transportation of the cucumbers at the time of the accident, and hence at that time the truck was being used in an operation performed by an independent contractor.

Both policies contain provisions applicable here to the effect that if the insured has other insurance against a loss covered by the policy the company shall not be liable under the policy for a greater proportion of the loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

The property damage liability limit being the same in each policy, each of the companies is liable to Denmark Foods, Inc. for one-half of the amount of its loss. The plaintiff, under its loan agreement with Denmark Foods, Inc. is entitled to credit on the $4,000 loan of the amount of the judgment rendered against it, and to be paid the balance of the loan by Denmark Foods, Inc. from the latter's judgment, when paid, on the other policy.

Accordingly, it is ordered that the defendant Denmark Foods, Inc. have judgment against the plaintiff American Casualty Company of Reading, Pennsylvania, in the amount of $2,500, and also against the defendant American Guarantee and Liability Insurance Company in the amount of $2,500.

It is further ordered that the amount of the judgment herein rendered against American Casualty Company of Reading, Pennsylvania, shall be credited upon the $4,000 loan made by that company to the defendant Denmark Foods, Inc., as hereinabove mentioned, and that Denmark Foods, Inc. pay to American Casualty Company of Reading, Pennsylvania, from the judgment herein rendered against American Guarantee and Liability Insurance Company (when said judgment has been paid) the amount of $1,500, which shall constitute payment in full of the aforesaid $4,000 loan, and

It is so ordered.