224 F.2d 461
 AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, and American Guarantee and Liability Insurance Company, Appellants,
v.
DENMARK FOODS, Inc., George W. Morris, Mae B. Morris, H. F. Phillips, Sr., and H. F. Phillips, Jr., Appellees.
 No. 6978.
 United States Court of Appeals Fourth Circuit.
 Argued May 26, 1955.
 Decided June 13, 1955.
 
 E. W. Mullins, Columbia, S. C. (Nelson, Mullins & Grier, Columbia, S. C., on brief), for appellant, American Cas. Co. of Reading, Pa.
 G. L. B. Rivers, Charleston, S. C. (Joseph R. Young and Hagood, Rivers & Young, Charleston, S. C., on brief) for appellant American Guarantee and Liability Ins. Co.
 T. B. Bryant, Jr., Orangeburg, S. C., for appellee Denmark Foods, Inc.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 SOPER, Circuit Judge.
 
 
 1
 American Casualty Company of Reading, Pennsylvania, instituted this suit against Denmark Foods, Inc., a corporation engaged in the manufacture of pickles at Denmark, South Carolina, in order to secure an adjudication as to the rights and obligations of the parties under an automobile liability policy issued by the Casualty Company to Denmark Foods wherein the Casualty Company agreed to pay on behalf of the insured all sums which the insured should become obligated to pay as damages because of injury to or destruction of property caused by accident arising out of the ownership, maintenance or use of certain automobiles specified in the policy. When the suit was brought there were pending in the Court of Common Pleas of the County of Colleton, South Carolina, two actions at law brought by George W. Morris and Mae B. Morris, respectively, for damages for injury to certain farm machinery and certain buildings alleged to have been caused by the negligent operation of an automobile driven by an employee of Denmark Foods in the transportation of cucumbers from a receiving station at Cottageville to the processing plant of the insured at Denmark. The defendants in these suits in the state court were Denmark Foods, H. F. Phillips, Sr. and H. F. Phillips, Jr. Phillips, Sr. was alleged to be the superintendent of the processing operations and transportation of the cucumbers from various receiving stations to the processing plant, and Phillips, Jr. was alleged to be the manager in charge of the receiving station at Cottageville and of the transportation of the merchandise therefrom to Denmark.
 
 
 2
 Joined with Denmark Foods as defendants in the suit for declaratory judgment in the federal court were the plaintiffs in the suits in the state court, together with H. F. Phillips, Sr. and H. F. Phillips, Jr. Joined also as party defendant was American Guarantee and Liability Insurance Company of Chicago, which had issued a comprehensive general liability policy to Denmark Foods, insuring it against liability for damages because of injury to or destruction of property caused by the accident.
 
 
 3
 The purpose of the trial in the District Court was to determine whether either or both of the insurance companies was obligated to indemnify Denmark Foods for the outlay of $5,000 which it had paid to the complainants in the state court in settlement of their claims under the following circumstances. Denmark Foods was engaged in the manufacture of pickles from green cucumbers at a processing plant at Denmark, South Carolina. It contracted with farmers to grow the cucumbers and established receiving stations at various small towns in the vicinity where the cucumbers were received and paid for. One of the receiving stations was located at Cottageville and was in charge of H. F. Phillips, Jr., who was paid $40 a week for his services. The company did not itself haul the cucumbers from the receiving station at Cottageville to the processing plant, but entered into a separate contract with Phillips, Jr. to transport all of the cucumbers received at that station to Denmark for 8¢ a bushel. In the performance of the contract Phillips used his own truck and employed and paid his own driver, and was not supervised or controlled by Denmark Foods. The accident which led to this litigation occurred when a truck owned by Phillips and driven by his employee in the transportation of the cucumbers from Cottageville to Denmark got out of control and caused the damages complained of.
 
 
 4
 Both insurance companies were notified of the accident by Denmark Foods. The Guarantee Company investigated the circumstances and employed attorneys to defend the suits without waiving its right to deny that the accident was covered by the policy. When it received copies of the complaints it noted allegations to the effect that the driver of the truck was the servant of Denmark Foods and that Denmark Foods was negligent in using a truck with defective brakes and other mechanical defects in the employment of an incompetent driver, in overloading the truck and operating it at a dangerous speed, in not stopping the truck at a stop sign, and not keeping the truck under control. Since the policy, which it had issued to Denmark Foods, did not apply to automobiles while away from the premises of the insured, the Guarantee Company notified Denmark Foods and the Casualty Company that it was withdrawing from the case because the allegations of the complaints made it clear that the accident was not covered by the policy.
 
 
 5
 The Casualty Company continued in the defense of the suits in the state court and the cases were settled by the payment of $5,000 at the instance of Denmark Foods which feared a greater recovery. Of this sum $1,000 was provided by Denmark Foods and $4,000 was loaned to it by the Casualty Company. The money was loaned under an agreement that if it should be finally determined in the suit for declaratory judgment that the policy of the Casualty Company covered the accident the debt of $4,000 would be cancelled and the Casualty Company would pay Denmark Foods an additional sum of $1,000 under the policy; but if it should be finally determined that the Guarantee Company was liable to Denmark Foods under its policy, Denmark Foods would pay to the Casualty Company the sum of $4,000 from the proceeds of any recovery from the Guarantee Company; and if neither company was held to be liable on its policy, Denmark Foods would remain indebted to the Casualty Company in the sum of $4,000; and that if it should be finally determined that both companies were liable, Denmark Foods would pay to the Casualty Company from any recovery made from the Guarantee Company the difference between the amount of coverage determined to be due by the Casualty Company and the sum of $4,000.
 
 
 6
 The District Court held, 127 F.Supp. 641, that in view of the allegations of the complaints filed in the state court charging negligence on the part of Denmark Foods, the settlement of the cases as above described was justified, notwithstanding the defense of independent contractor set up by Denmark Foods. This finding is not challenged. The District Court also found that the truck involved in the accident was operated under a separate agreement between Phillips and Denmark Foods, Inc., which was apart from his employment in the management of the receiving station, and that the truck was not operated by Phillips as an employee of Denmark Foods at the time of the accident, but was being operated by him as an independent contractor. This finding also is not disputed. The court, however, held that each of the insurance companies was liable to Denmark mark Foods in the sum of $2500 because of certain provisions in their respective policies relating to other insurance and the limitation of liability.
 
 
 7
 The District Judge based his conclusion adverse to the Casualty Company on a Hired Automobiles Endorsement of its policy in which the Company agreed that the insurance afforded by the policy for property damage liability should apply with respect to "hired automobiles". The words "hired automobile" were defined to mean "a land motor vehicle, trailer or semitrailer used under contract in behalf of or loaned to the named insured", subject to certain provisions not here relevant. In our opinion this endorsement does not bring the Phillips automobile, which was involved in the accident, within the coverage of the policy. The car was not hired by Denmark and was not being used at the time of the accident by an employee of Denmark in its business or in its behalf, but was being used by an employee of Phillips under an independent contract; and hence the hired automobile clause had no bearing on the case. Our conclusion in this respect is in accord with the decisions in Johnson v. Royal Indemn. Co., 5 Cir., 206 F.2d 561; Giroud v. New Jersey Mfrs. Cas. Ins. Co., 106 N.J.L. 238, 148 A. 790; Public Service Mut. Ins. Co. v. White, 4 N.J.Super. 523, 68 A.2d 278; see also, Western Cas. & Surety Co. v. Pacific Emp. Ins. Co., D. C.Okl., 97 F.Supp. 956.
 
 
 8
 It is the rule in South Carolina and elsewhere that an employer is not liable for the torts of an independent contractor, except in the performance of inherently dangerous work, since the employer does not possess the power to control the execution of the work. See Allison v. Ideal Laundry, 215 S.C. 344, 55 S. E.2d 281; Conlin v. City Council of Charleston, 15 Rich., S.C., 201, 211; and since Phillips was not the servant of Denmark Foods in the transportation of the goods and his car was not covered by the policy, the Casualty Company incurred no liability under the general insuring agreements which covered certain described automobiles of Denmark Foods.
 
 
 9
 We are not concerned with the allegations contained in the complaints in the state court that Denmark itself was guilty of certain acts of negligence which, if sustained, would have shown liability on its part. The cases in the state court were not tried but settled at the request of Denmark Foods, which agreed at the time that the liability of the Casualty Company under its policy should be subsequently determined. The liability of the Casualty Company to pay the damages, as distinguished from its obligation to defend the suits in the state court, did not depend upon the allegations of the complaints but upon the facts of the case to be thereafter determined by the District Court and that court has found that the injuries were inflicted by the negligence of an independent contractor, for which, as we have seen, Denmark Foods had no liability. Whether or not an insurer ought to defend an action against the insured in view of the allegations of the complaint filed against him is sometimes open to doubt. C. Y. Thomason Co. v. Lumbermen's Mut. Cas. Co., 4 Cir., 183 F.2d 729; but when a question of coverage is involved under a liability policy, and is not decided in the suit for damages, the insurer is entitled to be advised by a declaratory decree as to its obligations under the policy, and they must be determined with reference to the facts of the case and not by the allegations of the injured party in the suit for damages. See Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 2 Cir., 194 F.2d 173; Maryland Cas. Co. v. Pearson, 2 Cir., 194 F.2d 284; Employers Mut. Liability Ins. Co. of Wis. v. Hendrix, 4 Cir., 199 F.2d 53, 41 A.L.R.2d 424; Journal Pub. Co. v. General Cas. Co., 9 Cir., 210 F.2d 202, 208.
 
 
 10
 The determination of the District Court as to the liability of the Guarantee Company was based on affirmative provisions of its policy wherein coverage was afforded to "Independent Contractors, Let or sub let work". Coverage was also recognized under the head of exclusions wherein it was provided that the policy did not apply to automobiles while away from the premises of the insured "except in respect to operations performed by independent contractors". We do not think that these provisions brought the Phillips truck at the time of the accident within the coverage of the policy. It is true that Phillips was an independent contractor, but the policy was obviously designed for the protection of Denmark Foods. So far as property damage liability was concerned, the Guarantee Company agreed to pay on behalf of the insured all sums which the insured should become legally obligated to pay as damages because of injury to or destruction of property, caused by accident. Hence it is clear that in the absence of an express provision the liability of the Guarantee Company is limited to the payment of obligations incurred by the insured; and no obligations were incurred by the insured under the circumstances of this case as they were brought out in the evidence in the District Court. The allegations of the complaints in the state court and the settlement of the actions under the circumstances above described are not controlling. The determining factor is the actual liability of the Insurance Company as found in the court below. The provisions of the policy relating to independent contractors do not mean that the Insurance Company is responsible for every liability incurred by an independent contractor who operates under a contract with the insured; they merely mean that if the insured becomes legally responsible for what an independent contractor has done, the liability is covered by the policy. Since there was no liability resting upon the insured in this case the Guarantee Company was under no duty to pay the amount of the damages agreed upon in the settlement.
 
 
 11
 Reversed and remanded with instructions to enter judgment in accordance with the opinion.
 
 
 12
 Reversed.