Per Curiam.

This action was brought to recover certain balances alleged to be due to the plaintiff for plumbing and heating work performed, and materials supplied, by it for the defendant. The defendant interposed an affirmative defense and counterclaim in which it asserted that the plaintiff had made various overcharges in the dealings between the parties, including the transactions referred to in the complaint, and sought judgment for the overpayments allegedly made by it. The Appellate Division, reversing Special Term, granted the plaintiff’s motion for judgment dismissing the affirmative defense and counterclaim, and the defendant has appealed as of right to this court. The plaintiff has moved to dismiss the appeal on the ground that the order of the Appellate Division is not a final one.
The motion to dismiss the appeal should be denied. The determination of the Appellate Division, insofar as it dismissed the defendant’s counterclaim, “impliedly severed it from the action, which still is pending undetermined, and to that extent is final.” (See New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77, 80; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 85, 86.)
It is on the same theory of implied severance that a determination dismissing one of several causes of action in a complaint *403 is to that extent held final, although the other causes of action have not yet been determined. (See Cohen and Karger, Powers of the New York Court of Appeals, pp. 84-87.) Some of our early decisions suggested that this doctrine of severance was of limited availability and was inapplicable where there were common issues and a close interrelationship between the claim that was dismissed and the claims still pending. (See, e.g., Cage v. Rosenberg, 271 N. Y. 509; Davis v. Cohn, 286 N. Y. 622.) However, our more recent decisions reflect a pronounced trend away from that approach. These later decisions have thus consistently upheld as final determinations such as that in this case, dismissing but one of several causes of action or a counterclaim alone, even though the claim that has been disposed of involves the same transaction as the claims remaining undetermined and is directly related thereto. (See, e.g., Janos v. Peck, 15 N Y 2d 509; Denker v. Twentieth Century-Fox Film Corp., 10 N Y 2d 339; Kilberg v. Northeast Airlines, 9 N Y 2d 34; Wiggins v. Town of Somers, 4 N Y 2d 215; Ingraham v. Anderson, 2 N Y 2d 820.)
We need not decide whether the rationale of our earlier decisions may yet be apposite in some exceptional situations involving an extremely close interrelationship between the respective claims. It is sufficient to note that no such situation is here presented.
Motion to dismiss appeal denied.