OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The appeal should not be dismissed for nonfinality as contended by the defendant. The first and second causes of action which were dismissed are not inextricably interrelated with the third cause of action which is still pending. Essentially the various causes overlap only to the extent that they involve the sale of certain oil between the same parties. However, the first and second causes relate only to the original contract, involve claims of fraudulent misrepresentation of the defendant’s inability to perform that contract and breach of that agreement, and seek damages representing the difference between the original contract price and the amount actually paid. The third cause, on the other hand, relates only to the subsequent or renegotiated contract, alleges that the defendant breached that agreement by charging in excess of the agreed price and seeks damages representing the differ
 
 *882
 
 ence between the increased price agreed upon in that contract and the price actually paid. Thus in most material respects— namely, the alleged wrongful conduct, the contracts involved and the measure of damages — the finally determined causes now before us both present different legal issues and arise out of transactions different from the third cause and should be deemed impliedly severed
 
 (Walker v Sears, Roebuck & Co.,
 
 36 NY2d 695;
 
 Lizza Inds. v Long Is. Light. Co.,
 
 36 NY2d 754; see, also,
 
 Ratka v St. Francis Hosp.,
 
 44 NY2d 604, 608-610).
 

 With respect to the merits of the appeal the affidavits submitted by the plaintiff clearly indicate that the plaintiff was aware of the defendant’s ability to deliver oil in accordance with the original contract and that it was only the price which had been affected by the embargo. Therefore the Appellate Division was correct in granting summary judgment to the defendant on the first and second causes of action, alleging, as noted, fraudulent misrepresentation by the defendant of its inability to perform the original contract and consequent breach of that agreement.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
 

 Order affirmed.