GARY ACRES et al., Respondents, v RICHARD E. HITCHCOCK et al., Appellants. (Action No. 1.) RICHARD E. HITCHCOCK et al., Appellants, v GARY ACRES et al., Respondents. (Action No. 2.)—Appeals (1) from a judgment of the Supreme Court in favor of respondents, entered March 28, 1979 in Essex County, upon a decision of the court at a Trial Term, without a jury, and (2) from an amended order of the Supreme Court at Special Term, entered March 25, 1980 in Essex County, which settled the record on appeal. This appeal is the result of two actions brought to settle the title to a 35-foot strip of land in Essex County. Richard and Jane Hitchcock (plaintiffs) purchased some property on Lake George in 1956 from Tiroga Realty, Inc. It was the plaintiffs' understanding, based on oral statements made by the president of Tiroga Realty, that the conveyance would include the disputed 35-foot parcel of land. Unfortunately for the plaintiffs, however, that understanding was not consistent with the deed, which contained a metes and bounds description that clearly did not include the disputed parcel. Norma Atchinson, who became Tiroga's successor in interest in 1968, conveyed the 35-foot strip to Gary and Jean Acres in 1971. That same year, the Acres commenced an action (Action No. 1), pursuant to article 15 of the Real Property Actions and Proceedings Law, to quiet title to the disputed parcel. In 1974 they contracted to sell the 35-foot strip to Thomas and Norma Condon on the condition that they were successful in their litigation with the Hitchcocks. Finally, in 1976, plaintiffs brought their own action (Action No. 2) for deed reformation, fraud, adverse possession and 12 other causes of action. The two actions were joined for trial. On June 30, 1978, in response to a motion by the Condons for summary judgment, Special Term dismissed 13 of the plaintiffs' 15 causes of action, permitting only the reformation and fraud claims to proceed to trial. These two remaining claims were later held to be time barred, and judgment was entered declaring the Acres to have absolute and unencumbered title to the disputed 35-foot parcel of land. In April of 1980 the Condons moved to dismiss that portion of plaintiffs' appeal which sought to review the order granting partial summary judgment. We withheld a determination of that motion pending the argument of this appeal. Turning first to the motion before us, plaintiffs cannot now gain appellate review of that portion of Special Term's June 30, 1978 order which dismissed 13 causes of action, since the notice of appeal relating to that determination was untimely filed on April 4, 1980. An order granting a motion for summary judgment is a *final* order which is not reviewable on an appeal from the final judgment pursuant to CPLR 5501 (subd [a]) (see *Sirlin Plumbing Co. v Maple Hill Homes,* 20 NY2d 401). Moreover, even if that portion of the order which granted summary judgment were reviewable on

this appeal, we have examined plaintiffs' contentions regarding the dismissed causes of action and find them to be without merit. The trial court correctly concluded that plaintiffs' causes of action for fraud and deed reformation were barred by the Statute of Limitations. A deed was delivered to and accepted by plaintiffs on October 8, 1956. It was also on that date that plaintiffs noted that the deed description did not contain the 35-foot strip which they expected to be conveyed to them. Accordingly, the 10-year Statute of Limitations then applicable to deed reformation cases (former Civ Prac Act, § 53) expired on October 8, 1966, some 10 years before they finally commenced their action. Similarly, the fraud cause of action also expired on October 8, 1966. The 10-year Statute of Limitations imposed by former section 53 of the Civil Practice Act began running on October 8, 1956, since it was on that date that the alleged fraudulent act occurred (delivery of deed) and was discovered by the plaintiffs. Finally, we see no reason to disturb the determination of Special Term settling the record on appeal. Plaintiffs raise numerous other contentions on this appeal which have been examined and found to be without merit. Motion granted, without costs, to the extent that plaintiffs' appeal is dismissed insofar as it seeks review of that portion of the order of Special Term, entered June 30, 1978, which dismissed 13 causes of action contained in plaintiffs' complaint. Judgment and amended order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.