OPINION OF THE COURT
Per Curiam.
In this matrimonial action, plaintiff seeks leave to appeal from an order of the Appellate Division which unanimously affirmed an order of Supreme Court, Nassau County, which after granting defendant husband’s motion to enforce a stipulation entered into by the parties and incorporating the terms of the stipulation into the order, ordered that "all remaining issues in this litigation are hereby severed for the purposes of trial.”
An order which completely disposes of the claims of one party but leaves pending issues as to another party is final as to the former but not the latter (Cohen and Karger, Powers of the New York Court of Appeals § 20 [rev ed]). An order which finally adjudicates a cause of action which is unrelated to, and independent of, another cause of action in a complaint or counterclaim is final as to the former but not the latter. However, an order such as that in the present case which decides some issues of relief but leaves pending between the same parties other such issues would, in effect, divide a single cause of action and is, therefore, nonfinal (Le Mistral v Columbia Broadcasting Sys., 61 AD2d 491, appeal dismissed 46 NY2d 940; Cohen and Karger, op. cit. § 21, at 92).
The motion for leave to appeal should, therefore, be dismissed for nonfinality.
Judge Hancock, Jr., taking no part.
Motion for leave to appeal dismissed, without costs.