**3** HENRY BUYS et al., Respondents, v COUNTY OF NASSAU et al., Defendants, and EAST/ NASSAU MEDICAL GROUP et al., Appellants.—In an action to recover damages for medical malpractice, the defendants East Nassau Medical Group, Leon Mercur, and Laurence I. Novick appeal from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated December 20, 1985, as denied their cross motion to vacate that portion of an order of the same court (DiPaola, J.), dated August 15, 1985, which, upon the parties' consent, directed the disclosure of the personnel records of the defendant physicians, Leon Mercur and Laurence I. Novick.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants, pursuant to a preliminary conference order, agreed, *inter alia,* to furnish the plaintiffs with copies of the personnel records of two treating physicians involved in this medical malpractice action. Approximately three months later, the appellants cross-moved to vacate that portion of the order which directed the production of the personnel records.

Stipulations of settlement, especially those made in open court, are strongly favored by the courts and are not lightly cast aside *(see, Matter of Abramovich v Board of Educ.,* 46 NY2d 450, *cert denied* 444 US 845; *Sontag v Sontag,* 114 AD2d 892, *lv dismissed* 66 NY2d 554). While the court retains control over stipulations and has the power to relieve the parties from their terms, stipulations will not be set aside absent a showing of good cause sufficient to set aside a contract *(see, Matter of Frutiger,* 29 NY2d 143). The appellants' assertions of inexperience of counsel are unsubstantiated and, in any event, constitute an insufficient basis upon which to vacate the stipulation in this case. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.