OPINION OF THE COURT
Leonard Scholnick, J.
This is an action for medical malpractice and products *279 liability wherein the infant plaintiff Vanessa St. Amand by her mother and natural guardian, Jessie St. Amand, alleges medical malpractice relating to obstetrical management of the labor and delivery of the infant plaintiff who was delivered on April 6, 1977, by Caesarean section and products liability as to the side effect of the drug Bendectine manufactured by Merrell Dow Pharmaceuticals, Inc.
At birth, the infant suffered alleged congenital abnormalities known as Pierre-Robin Syndrome, i.e., number of fingers on a hand, cleft palate, set of ears, equinovarus of the foot, and heart condition.
The underlying issue herein is the conflict between physician-patient privilege (CPLR 4504), and "full disclosure of all evidence material and necessary in the prosecution or defense of an action” (CPLR 3101 [a]).
The requested medical and employment records of Jessie St. Amand, which plaintiff had stipulated to release, the court finds necessary, material and relevant to the issues of causation, and, thus, are discoverable and not limited to infant plaintiff in útero. A congenital birth defect case requires full exploration of the mother’s obstetrical and gynecological records, familial history and genetic factors to develop or discover the etiology of the defect.
The infant’s claim that birth defects were caused by alleged malpractice or other factors mandates full investigation into the medical history of the infant’s mother for periods prior and subsequent to the in útero period.
Defendants have submitted an affidavit of a medical expert, who has devoted extensive study and research to the diagnosis, causes and treatment of infants suffering from birth defects, who states therein that restricting medical records to infant plaintiff in útero "arbitrarily precludes access to information reasonably calculated to lead to evidence concerning any disease, hereditary features, genetic links, family history, or other potential causes of the infant plaintiff’s alleged birth defects.”
Thus, it is the opinion of this court that when an issue in controversy of congenital birth defects is presented full exploration of mother’s medical history, familial history, genetic factors, are necessary, material and relevant to discover the etiology of the defect when supported by medical evidence (Sibley v Hayes 73 Corp., 126 AD2d 629).
Motion of defendant Merrell Dow Pharmaceuticals to strike *280 plaintiffs complaint or, alternatively, to compel plaintiff to comply with prior court order dated July 15, 1986, is granted to the extent that plaintiff is to comply with order of the court dated July 15, 1986.
Cross motion of defendant Central Medical Group of Brooklyn, P. C., and Jessie Edward Holland, M.D., and application of defendant Interfaith Medical Center for an order to compel plaintiff to provide certain authorizations is granted.
Cross motion of plaintiff to vacate the consent preliminary conference order is denied (Buys v County of Nassau, 133 AD2d 94).