*13
 
 OPINION OF THE COURT
 

 Titone, J.
 

 Plaintiffs, three Onondaga County Court Judges, commenced this action,
 
 inter alla,
 
 to challenge the disparity that exists between their salary and the salary of their counterparts in 13 other counties. Defendants seek appellate review of a Supreme Court decision that dismissed most of plaintiffs’ claims but granted them summary judgment on their first cause of action. The critical threshold issue on this appeal by defendants from the final Supreme Court judgment awarding attorneys’ fees is whether, in a prior appeal, the Appellate Division erred in declining to consider the merits of this determination on the ground that it was embodied in an earlier judgment that was final and therefore not reviewable under CPLR 5501 (a) (1). We now hold that the Appellate Division misapprehended the principles governing the finality of judgments and that, accordingly, its refusal to review the issue defendants proffered was error.
 

 A brief summary of this case’s procedural history is necessary to an understanding of the finality problem its facts present. Plaintiffs’ complaint for declaratory and monetary relief set forth 16 causes of action, all relating to the difference between plaintiffs’ salaries and the higher salaries paid to County Court Judges in other counties. A 17th cause of action concerned the difference between plaintiffs’ salaries and the salaries paid to Court of Claims Judges. The gist of plaintiffs’ complaint was that the pay discrepancies violated their constitutional rights to equal protection because there was no rational economic or judicial basis for the disparate treatment. In addition to seeking a favorable declaration,
 
 *14
 
 plaintiffs’ complaint sought a judgment for back pay retroactive to October 1, 1978 and an incidental award of attorneys’ fees under 42 USC § 1988.
 

 The Supreme Court agreed with plaintiffs that the discrepancy between their salaries and those of Albany County Court Judges was not rationally based. Accordingly, on November 15, 1991, the Supreme Court granted plaintiffs’ motion for summary judgment on their first cause of action and awarded them the back pay they sought. The court also granted plaintiffs counsel fees pursuant to 42 USC § 1988, but it postponed assessment of the amount pending a hearing. Plaintiffs’ 16 other causes of action were dismissed as either moot or lacking in substantive merit.
 

 Plaintiffs appealed from the Supreme Court’s dismissal of their remaining 16 causes of action. Defendants, however, did not take a cross appeal at that time. Instead, they proceeded directly to the hearing in which the question of the amount of attorneys’ fees was to be litigated. Following that hearing, the trial court awarded $13,125 in attorneys’ fees and a judgment for that amount was entered against defendants on May 7, 1992. Defendants then took an appeal from that judgment, asserting that the appeal brought up for review the Supreme Court’s November 15, 1991 order disposing of the pay disparity issue.
 

 The Appellate Division simultaneously decided both parties’ appeals. On plaintiffs’ appeal, the Appellate Division affirmed the result in the Supreme Court, concluding that the dismissal of 16 of the 17 causes of action was proper. Additionally, it held that the November 15, 1991 disposition against defendants was a "final” judgment under the doctrine of implied severance and that it therefore "cannot be brought up for review on appeal from the [subsequent] order [assessing attorneys’ fees]” (191 AD2d 997, 998, citing
 
 Crystal v Manes,
 
 130 AD2d 979;
 
 Acres v Hitchcock,
 
 77 AD2d 744). That view was also implicitly incorporated into the Court’s decision on defendants’ appeal from the attorney-fee award, in which the Appellate Division reversed and remitted for further proceedings on the attorney-fee assessment question alone without addressing the merits of the underlying determination on the pay disparity question.
 

 On remand, Supreme Court reduced plaintiffs’ attorneys’ fees award to $9,185.69, and judgment to that effect was entered on January 20, 1994. Defendants then successfully
 
 *15
 
 moved this Court for leave to appeal from this judgment (denominated an "order”), seeking review of "so much of the prior nonfinal [Appellate Division] order * * * as affirmed [the] nonfinal order of Supreme Court, entered November 15, 1991 * * * granting plaintiffs summary judgment on their first cause of action and awarding back pay.” Defendants’ appeal requires us to decide the correctness of the Appellate Division’s threshold determination that review of the November 15, 1991 Supreme Court disposition was not authorized by CPLR 5501 (a) (1), the reviewability provision applicable to defendants’ appeal.
 

 Under CPLR 5501 (a) (1), an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment * * * provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken.” Since this provision authorizes review only of prior judgments and orders that are nonfinal, the classification of a particular judgment or order as final or nonfinal is critical to the statute’s proper application. We note that, contrary to plaintiffs’ argument here, the concept of finality as used in CPLR 5501 (a) (1) is identical to the concept of finality that is routinely used to analyze appealability under article VI, § 3 (b) (1), (2) and (6) of the State Constitution and the related statutory provisions
 
 (see,
 
 CPLR 5601, 5602).
 

 The concept of finality is a complex one that cannot be exhaustively defined in a single phrase, sentence or writing
 
 (see generally,
 
 Cohen and Karger, Powers of the New York Court of Appeals § 9, at
 
 39;
 
 Scheinkman,
 
 The Civil Jurisdiction of the New York Court of Appeals: The Rule and Role of Finality,
 
 54 St John’s L Rev 443). Nonetheless, a fair working definition of the concept can be stated as follows: a "final” order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters
 
 (see generally,
 
 Cohen and Karger,
 
 op. cit.,
 
 §§ 10, ll).
 
 [1]
 
 Under this definition, an order or judgment that disposes of some but not all of the substantive and monetary disputes between the same parties is, in most cases, nonfinal. Thus, a nonfinal order or judgment results when a court
 
 *16
 
 decides one or more but not all causes of action in the complaint against a particular defendant or where the court disposes of a counterclaim or affirmative defense but leaves other causes of action between the same parties for resolution in further judicial proceedings (see,
 
 e.g., Marna Constr. Corp. v Town of Huntington,
 
 31 NY2d 854).
 

 An exception to these general principles exists in situations where the causes of action or counterclaims that have been resolved may be deemed to be "impliedly severed” from those that have been left pending. Where implied severance is available, the order resolving a cause of action or counterclaim is treated as a final one for purposes of determining its appealability or reviewability.
 

 The "implied severance” doctrine has had a checkered history and our past articulations of the rule have been somewhat difficult to reconcile
 
 (see, e.g., Associated Coal Sales Corp. v Hughes,
 
 46 NY2d 1071;
 
 Orange & Rockland Utils. v Howard Oil Co.,
 
 46 NY2d 880;
 
 Ratka v St. Francis Hosp.,
 
 44 NY2d 604;
 
 Lizza Indus, v Long Is. Light Co.,
 
 36 NY2d 754;
 
 Behren v Papworth,
 
 30 NY2d 532;
 
 Rose v Bailey,
 
 28 NY2d 857;
 
 Kelly v Bremmerman,
 
 21 NY2d 195;
 
 Sirlin Plumbing Co. v Maple Hill Homes,
 
 20 NY2d 401). However, as may be discerned from a close review of our contemporary decisions on the point, the "implied severance” doctrine has now evolved into a very limited exception to the general rule of nonfinality.
 
 [2]
 

 Under this approach to implied severance, an order that disposes of some but not all of the causes of action asserted in a litigation between parties may be deemed final under the doctrine of implied severance only if the causes of action it resolves do not arise out of the same transaction or continuum of facts or out of the same legal relationship as the unresolved causes of action
 
 (see, Heller v State of New York,
 
 81 NY2d 60, 62, n 1;
 
 Lizza Indus. v Long Is. Light. Co., supra).
 
 Thus, for example, an order dismissing or granting relief on one or more causes of action arising out of a single contract or series of factually related contracts would not be impliedly severable and would not be deemed final where other claims or counterclaims derived from the same contract or contracts were left pending. Similarly, where a negligence cause of action has
 
 *17
 
 been dismissed but there remain other claims for relief based on the same transaction or transactions, the doctrine of implied severance is not available, even though the underlying legal theories may be very different.
 
 [3]
 
 Finally, implied severance is not applied where the court’s order "decides some issues of relief but leaves pending between the same parties other such issues[, thereby] in effect dividing] a single cause of action”
 
 (Sontag v Sontag,
 
 66 NY2d 554, 555).
 

 Viewed against these principles, the November 15, 1991 order granting plaintiffs summary judgment on their first cause of action and dismissing the others cannot be deemed final. Although all of the substantive issues between the parties were resolved, the order was facially nonfinal, since it left pending the assessment of attorneys’ fees — a matter that plainly required further judicial action of a nonministerial nature.
 

 Moreover, implied severance was not available under these facts as a means of converting that facially nonfinal order to a theoretically final one. The resolved causes of action for declaratory and monetary relief were based on the same continuum of facts as the unresolved 42 USC § 1988 attorney-fee claim, i.e., the enactment of a judicial salary scheme that, in plaintiffs’ view, violated their right to equal protection of the laws. Without that legislative act and the surrounding circumstances that plaintiffs allege rendered the act unlawful, there was no predicate for either a substantive cause of action or a claim for the attorneys’ fees incurred in vindicating plaintiffs’ rights.
 

 Indeed, plaintiffs’ request for attorneys’ fees was made in the form of a demand for "costs,” which was included in the boilerplate portion of the complaint seeking "[s]uch other, further and different relief which the Court may deem just and proper.” As such, the request for attorneys’ fees was an integral part of each of the asserted causes of action rather than a separate cause of action of its own. It has previously been said that a request for back pay and a request for attorneys’ fees arising from the same wrong are "but a single cause of action” and that "one cannot divide a single cause of action” by "dividing the damage” in this manner
 
 (Manko v
 
 
 *18
 

 City of Buffalo,
 
 294 NY 109, 111).
 
 [4]
 
 So too, in this case — where plaintiffs have asserted 17 causes of action based on the same legislative enactment and have requested attorneys’ fees as an item of damages integral to each of those causes of action— the pending request for attorneys’ fees could not have been divided from the otherwise resolved causes of action and implied severance was necessarily unavailable
 
 (Sontag v Sontag, supra).
 

 [5]
 

 Inasmuch as the November 15, 1991 order was not final and was not capable of being made final under the doctrine of implied severance, it should have been treated as a prior "non-final” order subject to review on defendants’ appeal from the final May 7, 1992 judgment pursuant to CPLR 5501 (a) (1). Further, since the order presents a question of law and CPLR 5501 (a) (1) also applies to the reviewability of prior orders in this Court, the correctness of the November 15, 1991 order is technically before us on this appeal. We conclude, however, that under the circumstances a remittal to the Appellate Division for a review of the order’s underlying merits is the better course.
 

 The Supreme Court granted plaintiffs summary judgment on the theory that there was no rational basis for paying them less than their counterparts in Albany County are paid. This determination was based on the relative equivalence of the cost of living in the two counties, as well as the similarities in the County Court Judges’ caseloads and duties. In finding these factors dispositive, Supreme Court rejected defendants’ contention that it was rational to pay Onondaga County Court Judges less than their Albany County peers because the cost of purchasing a home is significantly greater in Albany County than in Onondaga County. The correctness of the Supreme Court’s determination depends, at least in
 
 *19
 
 part, on an analysis of the legal significance of the detailed facts set forth in the parties’ submissions. It also rests on an understanding of regional economic conditions and local judicial practices. The case should thus be remitted for the Appellate Division’s consideration of the pay disparity question.
 

 Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed and the case remitted to the Appellate Division for further proceedings in accordance with this opinion.
 

 Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Chief Judge Kaye taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the opinion herein.
 

 [1]
 

 . Of course, this definition has no bearing on the entirely separate question of when a posijudgment order may be deemed final
 
 (see, e.g.,
 
 Cohen and Karger,
 
 op. cit.,
 
 §§ 29, 36, 43, 44).
 

 [2]
 

 . The discussion that follows concerns only the doctrine of "implied severance.” Cases where a cause of action or counterclaim has been expressly severed are analyzed under a different set of principles.
 

 [3]
 

 . To the extent that this Court’s prior decisions, including
 
 Sirlin Plumbing Co. v Maple Hill Homes (supra), Orange & Rockland Utils, v Howard Oil Co. (supra)
 
 and
 
 Ratka v St. Francis Hosp. (supra),
 
 indicate the contrary, they should not be followed.
 

 [4]
 

 . In
 
 Manko v City of Buffalo (supra),
 
 the Appellate Division had dismissed the claim for attorneys’ fees, denominated a second "cause of action,” without resolving the so-called "first cause of action” for back pay. Under modem jurisdictional principles, the resulting order would be deemed nonfinal and not subject to implied severance for the very reasons set forth in the
 
 Manko
 
 opinion, i.e., that the dismissed claim and the pending claim were but a single, indivisible cause of action. Accordingly, an appeal presented in the precise posture of the
 
 Manko
 
 appeal would no longer be entertained in this Court.
 

 [5]
 

 . It is noteworthy that under these circumstances, any attempt expressly to sever the pending attorneys’ fee claim from the resolved substantive claims
 
 (see,
 
 n 2,
 
 supra)
 
 would be ineffectual, since items of relief within a single cause of action cannot be expressly or impliedly severed.