■ In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. MICHIGAN NATIONAL BANK-OAKLAND, Plaintiff, v AMERICAN CENTENNIAL INSURANCE COMPANY et al., Defendants. EDWARD J. MUHL, Superintendent of Insurance of the State of New York, as Liquidator, Third-Party Plaintiff-Intervenor-Appellant, v AMERICAN CENTENNIAL INSURANCE COMPANY et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [638 NYS2d 52] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 2, 1995, dismissing the intervenor Superintendent of Insurance/Liquidator's claim for recovery of certain reinsurance proceeds, and bringing up for review a prior order, same court and Justice, entered July 18, 1995, which severed such claim from the Liquidator's alternative claim for return of certain reinsurance premiums, unanimously affirmed, without costs.

The severance was a proper exercise of discretion in order to create finality and promote judicial economy. The Liquidator's two claims are distinct, the first for recovery of reinsurance proceeds being based on breach of contract and the second for return of reinsurance premiums on the unenforceability of that contract (compare, Matter of Klonowski v Department of Fire, 58 NY2d 398, 402, n 3, with Burke v Crosson, 85 NY2d 10). Also, by generating a final judgment and thus a jurisdictional basis for review by the Court of Appeals, the severance could moot what is a complex claim for return of the premiums

in the event the claim for recovery of the proceeds was reinstated by the Court of Appeals. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.