NATIONAL LUMBER COMPANY, Respondent, *v.* F. BRAUN & SON, INC., and Others, Respondents, Impleaded with HENRY A. OLSON, INC., and HARVEY A. DWIGHT, Appellants.

Third Department, December 30, 1932.

*William A. Mulvey,* for the appellant Henry A. Olson, Inc.

*Wiswall, Walton, Wood & MacAffer* [*Frank L. Wiswall* and *Carl O. Olson* of counsel], for the appellant Harvey A. Dwight.

*Whalen, McNamee, Creble & Nichols* [*Charles E. Nichols* of counsel], for the respondent New York State National Bank.

*Parsons & McClung* [*Nelson R. Pirnie* and *Homer E. Peters* of counsel], for the plaintiff, respondent.

Rhodes, J. The appellant Henry A. Olson, Inc., questions the determination of the learned court below in so far as it adjudged that said appellant had no valid and subsisting lien against the fund in question and that said alleged lienor was not entitled to share in said fund. The point involved is whether the appellant filed a proper notice of pendency of action to support its alleged lien.

There is no dispute as to the facts. The action was commenced by plaintiff herein as lienor to foreclose its lien on moneys applicable for a public improvement for the reconstruction of the New York State Armory at Hudson, N. Y. In connection with said work there was due to the appellant for material and labor from F. Braun & Co., contractor, the sum of $5,659. As such materialman it duly filed proper notice of lien on or about November 25, 1930, and thereafter and about January 12, 1931, commenced an action to foreclose its alleged lien, and in connection therewith filed in the office of the State Comptroller a copy of the summons in said action. An entry was made on the lien docket of the Comptroller showing the date of the receipt of the paper, which was described on the docket as a " Summons," and the date of filing was entered in the column entitled " Lis Pendens Filed." The appellant's alleged lien was disallowed by the learned court below upon the ground that the filing of the copy of the summons with the State Comptroller did not constitute the filing of a notice of the pendency of an action, as required by section 18 of the Lien Law.

No order was ever made continuing the said lien, and no other steps were taken in that action, and when the present action was commenced the said appellant was made a defendant.

So far as material, section 18 of the Lien Law provides that a lien for a public improvement shall not continue for a longer period than three months from the time of filing the notice of such lien " unless an action is commenced to foreclose such lien within that time, *and a notice of the pendency of such action is filed* with the Comptroller of the State  *  *  *,  or unless an order be made by a court of record, continuing such lien, and a new docket be made stating such fact.  *  *  * This section is hereby declared to be a remedial statute and is to be construed liberally to secure the beneficial interests and purposes thereof."

The appellant insists that the filing of the summons with the Comptroller in the action brought by it constituted a substantial compliance with the requirements of the statute that a notice of the pendency of the action be thus filed; that no one was misled thereby; that it was treated by the Comptroller as a *lis pendens* and should herein be regarded as such. Manifestly the Comptroller could not change nor dispense with the requirements of the statute, nor bind other lienors by any act or waiver on his part.

Section 120 of the Civil Practice Act provides for the filing of notice of pendency of an action where such an action is brought to recover a judgment affecting the title to, or possession of, use or enjoyment of real property.

As was said in *Giant Portland Cement Co.* v. *State of New York* (232 N. Y. 395): " The objects of a *lis pendens* are well understood * * *."

By section 2 of the Lien Law a public improvement is defined as meaning an improvement upon any real estate belonging to the State or a municipal corporation. Undoubtedly the provision of the Lien Law requiring the filing of a notice of pendency of action contemplates a notice conforming substantially to said section 120 of the Civil Practice Act. That section provides that the notice shall state the names of the parties and the object of the action, and contain a brief description of the property " affected thereby." While judgments in actions to enforce liens under the Lien Law as against a public improvement do not bind the real property or impose any lien thereon, it is by virtue of the improvement to such real property that the lien arises and in a sense it may be said that it is such real property that is " affected thereby."

The cause of action is created by statute and its provisions by which the lien comes into being or continues must be substantially complied with, otherwise there is no lien and the alleged lienor has no standing and, therefore, no rights which he can assert under such law.

Section 21 of the Lien Law provides that "A lien against the amount due or to become due a contractor from the State * * * for the construction of a public improvement may be discharged as follows:

" 2. By lapse of time as follows:

" (a) When three months have elapsed since the filing of the notice of lien, unless, before the expiration thereof, either an order continuing said lien has been filed in the office where the notices· are filed, *or a notice of the pendency of an action to enforce said lien* has been filed as provided in section eighteen of this article."

The appellant claims, however, that any question as to the insufficiency of the lien should have been raised by the pleadings, and that such objection. not having been pleaded, has been waived. In support of this proposition it cites, among others, the cases of *Dwelle-Kaiser Co.* v. *Frid* (233 App. Div. 427) and *Romeo* v. *City of Yonkers* (126 id. 402). In the *Dwelle-Kaiser Co.* case it was stated that there was no merit in the claim that the *lis pendens* there under attack was not properly filed, apparently upon the theory that there had been a substantial compliance with the statute. In

the case of *Romeo* v. *City of Yonkers* the question was raised by the pleadings, but it appears that no proof was presented before the court on the question.

In the case before us the question was raised on the trial and the appellant's failure to comply with the requirements of the statute clearly appears. It had no right to a lien unless it had complied with the statutory requirements. Having failed in this, it had no standing in court.

A further argument advanced by the appellant is that by the provisions of section 18 of the Lien Law, the filing of the *lis pendens* by the plaintiff inures to the benefit of all lienors. That part of section 18 referred to is as follows: " If a lienor be made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action *within the time prescribed in this section*, the lien of such defendant is thereby continued." The present action was not commenced and the *lis pendens* therein was not filed until after the expiration of three months from the filing of appellant's notice of lien and thus, as to such lien, was not filed within the time prescribed in this section. The appellant, therefore, derives no advantage therefrom.

The decision and judgment as to the defendant Henry A. Olson, Inc., was correct.

The question raised by the appellant Harvey A. Dwight is also purely one of law, as the essential facts are undisputed. We are required to determine whether the New York State National Bank is entitled to priority of payment of the sum of $2,000 advanced by it on November 1, 1930, pursuant to an assignment made to such bank by the contractor, F. Braun & Son, Inc. Such assignment of moneys due and to grow due under the contract was made and filed in July, 1930. The bank advanced to the contractor under said assignment the following amounts on the following dates: $5,000 July 29, 1930; $3,000 August 27, 1930; $2,000 November 1, 1930; $1,200 November 8, 1930; $1,300 November 22, 1930.

At the time the $2,000 was advanced on November 1, 1930, a notice of lien of the Adam Ross Cut Stone Co., Inc., in the amount of $2,291.02 had been filed with the State Comptroller, having been docketed October 28, 1930. Satisfaction of this lien was docketed on November 3, 1930. On December 2, 1930, a lien of said Adam Ross Cut Stone Co., Inc., for the amount of its former lien was filed and docketed in the office of the State Comptroller. The appellant Dwight argues that the bank is not entitled to priority of payment under this assignment for the said sum of $2,000 advanced on November 1, 1930, for the reason that at the time the advancement was made the lien docket of the State Comptroller showed the

outstanding unsatisfied lien of the said Adam Ross Cut Stone Co., Inc., and that, therefore, said bank, as to said advancement, is in the position of a lienor sharing *pro rata* with other lienors. The solution of the problem depends upon the meaning of section 25 of the Lien Law. So far as material that section provides: " *In an action* to enforce a lien under a contract for a public improvement, or an assignment of moneys, or any part thereof, due or to become due under such contract, *parties having liens or assignments* shall have priority as follows:

" (1) An assignee of moneys  *  *  * whose assignment is duly filed prior to the filing of a notice of lien or assignment of every other *party to the action,* shall have priority over those parties to the extent of moneys advanced upon such assignment before the filing of the notice of lien or assignment next subsequent to his assignment, but as to advances made subsequent to a notice of lien or assignment *filed and unsatisfied* such assignee for the purpose of determining his proportionate share of moneys available for distribution as provided in subdivision four of this section shall be treated as a lienor having a lien to the extent of advances so made.  *  *  *

" (4) There shall be no priority among labor lienors, as a class or among other lienors as a class, and any moneys available for distribution among lienors of any class shall be distributed *pro rata* in accordance with their respective *valid liens.*"

The learned court below in his opinion stated: " The advance of $2,000 on November 1, 1930, is attacked on the ground that there was on file at that time an unsatisfied lien of the Adam Ross Cut Stone Co., Inc. It appears, however, that this lien was satisfied on November 3, 1930. Such lien, therefore, is not involved in this action, and the proof indicates that this advance was made prior to the filing of any lien involved in this action. This is the requirement for priority as set forth in section 25 of the Lien Law."

The appellant argues that it is immaterial whether the lien of the Adam Ross Cut Stone Co., Inc., filed October 28, 1930, was subsequently satisfied, and further argues that " the test is whether at the instant the advance was made there existed a lien filed and unsatisfied;" that the subsequent discharge of the lien would have no retroactive effect upon the advance made by the bank; that the status of the bank when it made the advance was irrevocably established as that of a lienor and that this status could not be changed to that of an advancement entitled to priority of payment by any subsequent act of some other lienor in filing a satisfaction of lien.

The respondent argues that the statute contemplates that priorities are to be determined by the situation at the time of the

trial, because the provisions of section 25 of the Lien Law are to be applied in an *action* to enforce a lien; that the priority given to an assignee applies to priority over *every other party to the action;* that the priority of an assignee obtains except as to other liens *filed and unsatisfied,* which means those liens filed and unsatisfied at the time of the trial; that lienors only are necessary parties to the action under the provisions of section 44 of the Lien Law, and that although the bank at the time said advancement was made occupied the position of lienor with respect to other liens then *filed and unsatisfied,* the subsequent satisfaction of any such prior liens removed any prior equities as against the bank and that its lien then ripened into a right entitling it to priority of payment as an assignee.

The appellant insists that such construction would work an injustice to any subsequent lienor who might have been misled in extending credit to the contractor in the belief that the bank was in the position of a lienor instead of an assignee. The respondent points out, however, that there is no proof of any such situation here.

The next subsequent lien filed by any other party was one filed November 10, 1930, which was after the satisfaction of the lien of the Adam Ross Cut Stone Co., Inc.

On the trial herein no claim was made by the Adam Ross Cut Stone Co., Inc., under its notice of lien filed on October 28, 1930. It asserted its rights under its subsequent lien filed on December 2, 1930, which was after the date of said advancement of $2,000 made by the bank which is questioned here.

The statute indicates a clear intention to measure the rights of the parties as they existed either at the time of the joining of issue under the pleadings, or at the time of the trial, and further indicates that the prior status of any party is not necessarily irrevocably fixed so as to prevent a subsequent change therein by later facts which affect the respective rights and equities of interested parties.

The conclusion reached by the learned trial justice was the correct one.

The judgment should be affirmed, with costs to the National Lumber Company, plaintiff, respondent, against the appellant Henry A. Olson, Inc., and with costs to the New York State National Bank against the appellant Harvey A. Dwight.

VAN KIRK, P. J., HILL, McNAMEE and CRAPSER, JJ., concur.

Judgment affirmed, with costs to the National Lumber Company, respondent, against Henry A. Olson, Inc., appellant, and with costs to the New York State National Bank, respondent, against Harvey A. Dwight, appellant.