Samuel Babin, J.
This is an action to foreclose a mechanic’s lien under a contract for a public improvement in the construction of a dormitory building for the Dormitory Authority of the State of New York at New Paltz, New York. The defendant Bogers and Haggerty, Inc., was the general contractor and plaintiff the subcontractor in the furnishing of materials and painting work to be performed in the dormitory building.
The defendants now move for summary judgment dismissing the complaint on the ground that the plaintiff has failed to file a lis pendens with either the Comptroller of the State of New York or with the financial officer of the Dormitory Authority of the State of New York.
The defendant Bogers and Haggerty, Inc., moves, by separate motion, for leave to serve an “ Amended and Supplemental Answer ” so as to include a third defense, which is also alleged by way of a counterclaim, for breach of contract.
Section 18 of the Lien Law provides in pertinent part: “ If the lien is for labor done or materials furnished for a public improvement, it shall not continue for a longer period than six months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, and a notice of the pendency of such action is filed with the comptroller of the state or the financial officer of the public corporation with whom the notice of such lien was filed, or unless an order be made by a court of record, continuing such lien ”.
Thus, for the lien to continue to exist beyond the statutory period of six months the lienor must
*522 “ 1) have commenced an action to foreclose the lien within the six months; and
“ 2) have filed a notice of the pendency of the action with
“ a) the comptroller of the state, or
“ h) the financial officer of the public corporation with whom the notice of such lien was filed” (Blanc, New York Law of Mechanics’ Liens, 103b, p. 550).
There is no question that this action was commenced within the prescribed time but the defendants contend that “ a notice of the pendency of such action ’ ’ was never filed with the Comptroller of the State of New York or the financial officer of the public corporation with which the notice of such lien was filed, in this case the Dormitory Authority of the State of New York. Unquestionably, if this be true, the mechanic’s lien has lapsed and there can be no judgment of foreclosure and sale. (Noce v. Kaufman, 2 N Y 2d 347.)
The plaintiff argues, however, that a notice of pendency of such action was forwarded to the Dormitory Authority in the form of an exchange of correspondence with it. This consists of a letter dated January 23, 1961, from Charles A. Brind, counsel for the University of the State of New York, the State Education Department, directed to the Fund Insurance Companies, enclosing the summons and complaint served upon the Dormitory Authority on January 13, 1961, to the effect that ‘ ‘ It is my understanding that you as the bonding company will undertake the defense of this action on behalf of the Dormitory Authority, and will hold the Dormitory Authority harmless and indemnify the Authority in connection with any loss in connection with this proceeding.” A copy of this letter was sent to the attorney for the plaintiff, among others. On February 7, 1961, the attorney for the plaintiff wrote the State Education Department, attention of Mr. Brind, to the effect that service of the summons and complaint in this action was effected upon the Dormitory Authority on January 13 and that on January 23 the State Education Department transmitted to the writer’s office a copy of a letter addressed to the Fund Insurance Companies forwarding the process upon the Dormitory and that “ At this writing there has been no appearance by either the bonding company on behalf of the Dormitory or the co-defendant Rogers & Haggerty, Inc. likewise served the same date, so that both are in default by way of appearance or answer.” Mr. Brind replied on February 16, 1961: “ I am calling this matter to the attention of Gr. A. Dempsey, Esq., The Fund Insurance Companies, who is arranging for an appearance on behalf of the Dormitory Authority. ’ ’ The plaintiff argues that the foregoing *523 correspondence constitutes substantial compliance with the requirement for the filing of a notice of pendency as set forth in section 18 inasmuch as section 23 mandates the liberal construction of article 2 of the Lien Law, of which section 18 is a part.
While section 18 does not define the contents of a notice of pendency, it has been held that such notice must conform substantially to the requirements of section 120 of the Civil Practice Act and the objection that the notice was not properly filed is not waived merely because it was not pleaded. (National Lbr. Co. v. Braun & Son, 237 App. Div. 426, 428.) According to section 120 of the Civil Practice Act, a notice of pendency of the action must state “ the names of the parties and the object of the action, and * * * [contain] a brief description of the
property * * * affected thereby ’ ’.
The court is of the opinion that the correspondence relied upon as constituting a notice of pendency does not give sufficient information to fulfil the traditional office of a lis pendens, which must contain the names of the parties, the object of the action and a description of the property, or at least with respect to a public improvement the number and identity of the project. As was noted in National Lbr. Co. v. Braun & Son (supra, p. 428): “While judgments in actions to enforce liens under the Lien Law as against a public improvement do not bind the real property or impose any lien thereon, it is by virtue of the improvement to such real property that the lien arises and in a sense it may be said that it is such real property that is 1 affected thereby.’ ”
Accordingly, the plaintiff has no cause of action to foreclose its lien. In fact, it has been held that the filing with the State Comptroller of a copy of a summons in an action to foreclose a lien against any amount due on a public improvement contract was not a filing of a “ notice of pendency of action ” within the meaning of the statue. (National Lbr. Co. v. Braun & Son, supra; Blanc, New York Law of Mechanics’ Liens, ¶ 103b, “ Contents of lis pendens ”, p. 556.)
The defendants’ motion is accordingly granted solely to the extent of directing a partial summary judgment in favor of the defendants dismissing the complaint insofar as the plaintiff seeks to foreclose its mechanic’s lien. Inasmuch as the complaint seeks a personal judgment against the general contractor, the court may retain jurisdiction to determine that claim. (Catapano v. Clemente, 85 N. Y. S. 2d 764, affd. 274 App. Div. 995.) To that extent the action is severed.
*524 The motion of the defendant Rogers and Haggerty, Inc., for leave to serve a so-called 11 Amended and Supplemental Answer ’ ’ in the form annexed is denied. The case has been at issue since February 25, 1961, and appeared on the Reserve Calendar on May 1, 1961. It was subsequently marked ready and passed on a number of occasions, finally reached for trial on May 26,1961, on which date a mistrial was declared because the case could not be concluded before the end of the term and it is quite evident that the proposed counterclaim is an afterthought which can have no other effect than to delay the trial of plaintiff’s action against the general contractor. That action is restored to the calendar for trial on November 1, 1961, subject to the approval of the Justice presiding.