■ SAFECARD SERVICES, INC., Appellant-Respondent, v AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., et al., Respondents-Appellants. [610 NYS2d 23] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about July 31, 1992, which, *inter alia,* granted defendants' motion to dismiss pursuant to CPLR 3211 (a) (4) and denied plaintiff's cross-motion for a stay pending resolution of an action pending in Florida entitled *SafeCard Servs. v American Express Travel Related Servs. Co.,* pursuant to said statute and CPLR 2201, unanimously reversed, on the law, the facts, and in the exercise of discretion, the complaint reinstated, defendants' motion denied and plaintiff's motion granted, with costs.

CPLR 3211 (a) (4) provides that a court may dismiss an action where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States" but specifically provides that "the court need not dismiss upon this ground but may make such order as justice requires." One alternative available to a court faced with a motion to dismiss on such grounds where it appears that the other action may be resolved in a manner which would not bar further proceedings in New York is to stay the New York action pending resolution of the other

action *(see, Houston v Trans Union Credit Information Co.,* 154 AD2d 312, 313; *Flintkote Co. v American Mut. Liab. Ins. Co.,* 103 AD2d 501, *affd* 67 NY2d 857; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:20, at 32-33). Such a course prevents the running of the applicable New York statute of limitations while plaintiff is pursuing his or her cause in another forum.

The record in this case clearly demonstrates that the within action was commenced for the purpose of protecting plaintiff from losing its right to pursue its claim in New York should a prior action for the same relief be dismissed by the Florida courts. On its motion for a stay, plaintiff has shown that defendants have asserted as a defense to the Florida action that plaintiff's complaint must be dismissed under Florida's five year statute of limitations. The New York statute of limitations for the claim involved is six years. A dismissal on statute of limitations grounds by another State would not, by itself, bar the bringing of an action in this State on res judicata grounds *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:66, at 95-96; *cf., De Crosta v Reynolds Constr. & Supply Corp.,* 41 NY2d 1100). We find that, under such circumstances, the action should not have been dismissed and should, instead, be stayed pending resolution of the Florida action. Defendants' arguments concerning the collateral estoppel effect upon the within action of any orders by the courts of Florida must await the lifting of that stay. Concur—Rosenberger, J. P., Ellerin, Rubin, Nardelli and Williams, JJ.