Bank of N.Y. Mellon v Adam P10TCH, LLC (2023 NY Slip Op 06198)

 Bank of N.Y. Mellon v Adam P10TCH, LLC

2023 NY Slip Op 06198

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 850163/14 Appeal No. 1133 Case No. 2022-02821 

[*1]The Bank of New York Mellon Formerly Known as The Bank of New York as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-60T1 Mortgage Pass-Through Certificates Series 2005-60T1, Plaintiff-Respondent,
v
Adam P10TCH, LLC, Defendant-Appellant, Board of Managers of the Octavia Condominium et al., Defendants.

Villanti Law Group PLLC, Brooklyn (Christopher Villanti of counsel), for appellant.
Akerman LLP, New York (Jordan M. Smith of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered June 29, 2022, which denied defendant-appellant's motions to renew, unanimously affirmed, with costs.
An argument as to timeliness of a motion may be raised for the first time on appeal "as it represents a question of law that can be resolved on the face of the existing record" (Wilmington Trust N.A. v Fife, 212 AD3d 550, 551 [1st Dept 2023]). Additionally, "a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (id. at 550). Appellant's motions to renew were directed to an order dated October 29, 2020. The notice of entry of the October 29, 2020 order was served in December 2020; thus, the pending appeal, filed in April 2021, was untimely pursuant to CPLR 5513(a). The motions at issue — filed on September 27, 2021 and December 3, 2021 — were filed after the time to appeal had expired; the fact that the motions were filed prior to the issuance of this Court's April 21, 2022 order, which formally dismissed the appeal as untimely, cannot resurrect these deadlines (see Matter of 160 E. 84th St. v New York State Div. of Hous. & Community Renewal,203 AD3d 501, 501 [1st Dept 2022]). In any event, both renewal motions, which attempt to relitigate issues previously decided by this Court, were properly denied.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023