U.S. Bank N.A. v Chait (2025 NY Slip Op 03549)

U.S. Bank N.A. v Chait

2025 NY Slip Op 03549

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 850196/22, 850037/15 |Appeal No. 4560-4562|Case No. 2024-01743, 2024-02102, 2024-02103|

[*1]U.S. Bank National Association etc., Plaintiff-Appellant,
v
Mindy N. Chait, Defendant-Respondent, Joshua Kirschenbaum et al., Defendants.

U.S. Bank National Association etc., Plaintiff-Appellant,
v
Mindy N. Chait, Defendant-Respondent, Joshua Kirschenbaum et al., Defendants.

David A. Gallo & Associates, LLP, Manhasset (Robert M. Link of counsel), for appellant.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered January 4, 2024 (New York County Index No. 850196/2022 [the 2022 action]), which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a stay of the 2022 action, unanimously affirmed, with costs. Order, same court and Justice, entered February 26, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to renew its prior motion for a stay of the 2022 action, unanimously affirmed, with costs.
Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered February 20, 2024 (New York County Index No. 850037/2015 [the 2015 action]), which denied plaintiff's motion for leave to renew its opposition to defendant Mindy N. Chait's cross-motion to dismiss the action, and to vacate an order entered September 27, 2022, denying plaintiff's motion for a judgment of foreclosure and sale and granting defendant Chait's cross-motion to dismiss the action, unanimously affirmed, with costs.
Supreme Court properly denied plaintiff's motion for leave to renew its opposition to defendant Chait's cross-motion to dismiss the 2015 action and to vacate the September 27, 2022 order dismissing the 2015 action because "a motion for leave to renew based upon an alleged change in the law must be made prior to the entry of a final judgment, or before the time to appeal has fully expired" (Bank of N.Y. Mellon v Adam P10tch LLC, 221 AD3d 561, 561 [1st Dept 2023], quoting Wilmington Trust N.A. v Fife, 212 AD3d 550, 550 [1st Dept 2023]). The order dismissing the 2015 action disposed entirely of the causes of action between the parties, leaving "nothing for further judicial action apart from mere ministerial matters" (Burke v Crosson, 85 NY2d 10, 15 [1995]), and thus, the order was a "judgment" within the meaning of CPLR 5501 (id.; see Roc-Le Triomphe Assoc., LLC v DeSouza, 232 AD3d 484, 484 [1st Dept 2024]). Accordingly, plaintiff needed to move for leave to renew no later than October 27, 2022, i.e., 30 days from service of the notice of entry of the September 27, 2022 order. As plaintiff did not move for leave to renew until January 19, 2024, its motion was untimely (see Bank of N.Y. Mellon v Adam P10tch LLC, 221 AD3d at 561).
The court providently denied plaintiff's motion to stay the 2022 action, which was commenced shortly after the 2015 action was dismissed. The 2015 action was not pending when plaintiff filed its motion to stay the 2022 action, and thus could not provide a ground upon which to grant the motion for a stay (see SafeCard Servs. v American Express Travel Related Servs. Co., 203 AD2d 65, 65-66 [1st Dept 1994]). The court also properly denied plaintiff's motion for leave to renew its motion for a stay because the time to potentially revive the 2015 action had expired, leaving no possibility to change the court's prior determination denying the stay motion (see CPLR 2221[e][2]).
Although the court had [*2]previously granted plaintiff's motion for summary judgment of foreclosure and sale in the 2015 action, the doctrine of law of the case did not prevent it from subsequently granting defendant Chait's cross-motion to dismiss the 2015 action based on the binding law at that time, which mandated dismissal (see People v Evans, 94 NY2d 499, 503 [2000]). In any event, the order dismissing the 2015 action was no longer reviewable by the time plaintiff brought any of the motions at issue on this appeal.
As none of the foregoing reasons depend on RPAPL 1301(3) as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821), discussion of FAPA's constitutionality as applied here is academic.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025