**142**

NATIONAL RAILROAD PASSENGER
CORPORATION, Plaintiff,

v.

10,178 SQUARE FEET OF LAND MORE
OR LESS, SITUATED IN THE COUN-
TY OF NEW YORK, STATE OF NEW
YORK; Morton L. Weitzner, Dorothea
M. Weitzner and Isidor S. Weitzner;
Morton L. Weitzner, Dorothea M. We-
itzner and Isidor S. Weitzner, as Trust-
ees of the Estate of Henry M. Weitzner;
Demjo Diner, Inc. and unknown others,
Defendants.

No. 89 Civ. 2173 (RPP).

United States District Court,
S.D. New York.

April 16, 1992.

Stroock & Stroock & Lavan, New York
City, by James G. Greilsheimer, Marie V.
SantaCroce, Dennis M. Moore, National
R.R. Passenger Corp. (Amtrak), Law Dept.,
Washington, D.C., for plaintiff.

Peter H. & Hubert J. Brandt, New York
City by Hubert J. Brandt, Willa I. Lewis,
for Weitzner defendants.

Greco & Gottlieb, New York City, by
Michael J. Greco, John E. Watkins, for
Demjo Diner, Inc.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District
Judge.

Defendants Morton L. Weitzner and Do-
rothea M. Weitzner, individually and as
trustees of the Estate of Henry M. Weitz-
ner, (the "Movants"), move for an order:
(1) pursuant to § 303 of the Uniform Relo-
cation Assistance and Real Property Acqui-
sition Policies Act of 1970 ("URA"), 42
U.S.C. § 4653, requiring plaintiff National
Railway Passenger Corporation ("Am-
trak") to pay any tax due, or to reimburse
the Movants for any taxes incurred, as a
result of this condemnation and which are
required to be paid under New York State
Tax Law Article 31–B, Section 1400 *et seq.*
(the "Transfer Gains Tax"), on the ground
that the Transfer Gains Tax is a "transfer
tax"; and (2) requiring Amtrak to reim-
burse the Movants for the registry fee of
$25,394.16 imposed pursuant to Local Civil
Rule 8(c) on the funds deposited with this
Court by Amtrak at the outset of this

condemnation action. Argument of this motion was heard on April 8, 1992.

## I. TRANSFER GAINS TAX

■ URA § 303 provides:

"The head of a Federal Agency ... shall reimburse the owner, to the extent the head of such agency deems fair and reasonable, for expenses he necessarily incurred for

(1) recording fees, *transfer taxes,* and similar expenses incidental to conveying such real property to the United States; ...

42 U.S.C. § 4653 (emphasis added). Movants argue that because the Transfer Gains Tax is a "transfer tax" within the meaning of the section, it should be paid by Amtrak.

Movants rely heavily on the decision in *In re 995 Fifth Avenue Assoc., L.P. v. N.Y. State Dep't of Taxation and Finance,* 127 B.R. 533 (S.D.N.Y.1991), in which the Court held the Transfer Gains Tax to be "a stamp or similar tax," i.e., a transfer tax and not an income tax, in connection with sales by a bankrupt for the benefit of creditors, which sales are statutorily exempted from bearing stamp or similar taxes. 11 U.S.C. § 1146(c). After the parties briefed and argued this motion, however, that holding was reversed by the Court of Appeals. *In re 995 Fifth Avenue Assoc., L.P. v. N.Y. State Dep't of Taxation and Finance,* 963 F.2d 503 (2d Cir.1992).

Although the Transfer Gains Tax is ordinarily imposed at the time of completing legal title and recording a new deed, the Tax is not based on the total value of the property as are traditional transfer taxes, but only on the seller's capital gain. *See Collins v. U.S.,* 946 F.2d 864 (Fed.Cir.1991). Thus, the Transfer Gains Tax is more in the nature of an income tax. In *Heller v. State of New York,* No. 81735 (N.Y.Ct. of Cl. filed Aug. 7, 1991), and *Matter of Great Neck Water Pollution Control District,* No. 7660/87 (N.Y.Sup.Ct., Nassau Co. filed October 28, 1991), two New York courts determined the Transfer Gains Tax to be an income tax.

The federal regulation promulgated under URA § 303, 49 C.F.R. 24.106(a), provides that "The owner of real property shall be reimbursed for all reasonable expenses the owner necessarily incurred for .. transfer taxes ... and similar expenses incidental to conveying the real property to the agency." Although at oral argument plaintiff's counsel was unable to explain the scope of this federal regulation, it is the Court's opinion that transfer taxes as referred to therein and in URA § 303 are traditional transfer taxes, and that the drafters of the statute and the regulation did not contemplate within that term the Transfer Gains Tax imposed by Governor Cuomo.

Accordingly, this Court holds that the Transfer Gains Tax on the transfer of the condemned property should be borne by Movants as the former owners of the condemned property. The Movants are in no different position than the owners of comparable property whose sales were utilized to value the condemned property. Those owners were required to pay the Transfer Gains Tax on such sales, and Movants have shown no reason why they should be treated differently.

## II. REGISTRY FEE

■ Applying the same analysis, the registry fee imposed by Local Rule 8(c) has deprived the Movants of a significant portion of the interest earned on the proceeds due to them since the time of taking. In contrast, the owners of the comparable properties used by this Court to value the condemned property did not have to bear such a loss. Plaintiff admitted at oral argument that if the Court finds that the Movants were a prevailing party, it has discretion to award this fee as costs to the Movants pursuant to 28 U.S.C. § 1920. The Court finds the Movants to be a prevailing party since the awards to Movants and to the other defendant are substantially in excess of the deposit made by the plaintiff. Accordingly, the Court awards costs to the defendants, including Movants, as the prevailing parties. The plaintiff is ordered to pay costs to the defendants, including the registry fee, in addition to the

amended judgment entered herein. That judgment is hereby amended by this Opinion and Order to incorporate this award of costs to defendants.

IT IS SO ORDERED.