BEN HELLER, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 81735.)

Third Department, June 18, 1992

### APPEARANCES OF COUNSEL

*Jones, Day, Reavis & Pogue (Peter M. Lieb* and *Thomas L. Abrams* of counsel), for appellant-respondent.

*Robert Abrams, Attorney-General (John McConnell* and *Peter H. Schiff* of counsel), for respondent-appellant.

### OPINION OF THE COURT

MERCURE, J. P.

In this action we are asked to determine whether the transfer gains tax imposed by Tax Law article 31-B is a "transfer tax" within the meaning of EDPL 702 (A) (1).* The facts are simple and undisputed. In 1982, claimant purchased real property known as Barcelona Point in the Town of East Hampton, Suffolk County. In August 1989, the State, through its Department of Environmental Conservation, acquired the property from claimant under its power of eminent domain. Because the condemned parcel was nonresidential and the consideration paid by the State was in excess of $1,000,000, claimant was required to pay a transfer gains tax in the

---

\* EDPL 702 provides in relevant part:

"(A) The condemnor shall reimburse a condemnee an amount separately computed and stated, representing the following incidental expenses:

"(1) any recording fees, transfer taxes and other similar expenses in connection with the acquisition of the property by the condemnor or in connection with the transfer of the property to the condemnor".

amount of 10% of the net profit realized upon the conveyance (Tax Law §§ 1441, 1443). Claimant paid the $845,638.99 tax under protest and thereafter sought reimbursement from the State, claiming that the tax was a transfer tax within the meaning of EDPL 702 (A) (1) and, as such, the State was statutorily required to reimburse him. The State refused claimant's reimbursement request and this action followed. After joinder of issue, the State moved to dismiss for failure to state a claim and for summary judgment on its counterclaim for claimant's unpaid personal income taxes for 1989. Claimant cross-moved for summary judgment on his claim. The Court of Claims granted the State's motion to dismiss the claim and granted judgment on the State's counterclaim in the amount of $105,510 plus interest from the date of decision to the date of judgment. Claimant appeals the dismissal of his claim, and the State cross-appeals from the Court of Claims' alleged failure to properly assess interest and penalties on the judgment in its favor.

▮ Initially, we agree with the conclusion of the Court of Claims that the tax on gains resulting from the sale of real property imposed by Tax Law article 31-B is not a transfer tax within the purview of EDPL 702 (A) (1). Accordingly, we would affirm so much of its judgment as dismissed claimant's claim. In our view, the obvious purpose of the statutory provision is to relieve a condemnee of incidental recording fees and expenses attributable to the condemnor's acquisition of the condemned property. The tax imposed by Tax Law article 31-B is neither "incidental" nor an "expense" incurred in connection with the transfer of the property. First, the applicable tax rate of 10% of the gain realized on the sale (see, Tax Law § 1441) is by no means incidental and far exceeds the tax rate generally imposed in connection with stamp and documentary transfer taxes (see, 995 Fifth Ave. Assocs. v New York State Dept. of Taxation & Fin., 963 F2d 503, 513). Second, although the property transfer is the event which triggers the imposition of the tax (see, Collins v United States, 946 F2d 864, 866), the tax bears no direct relationship to the consideration received for the property. Rather, computed on the surplus of the sale price over the cost of acquisition and of capital improvements to the property (see, Tax Law § 1440 [3], [5]), the tax is more in the nature of an income tax than a transfer tax.

It is our opinion that the dissent has placed entirely too much emphasis upon the fact that payment of the transfer tax

is a prerequisite to recordation of the deed of conveyance. The nature of a tax is not determined by the means employed to collect it. More significantly, the dissent's exclusive focus upon this secondary characteristic has caused it to lose sight of the essential fact that Tax Law article 31-B imposes a tax not upon a transfer of real property or the consideration received therefor but upon the gain, if any, resulting from the transfer (see, 995 Fifth Ave. Assocs. v New York State Dept. of Taxation & Fin., supra, at 512-513; Collins v United States, supra). Further, we view the September 21, 1983 and November 14, 1983 opinion letters and Publication No. 588 (Nov. 1984) of the Department of Taxation and Finance, which address the issue of whether the transfer gains tax is a deductible income or property tax for Federal income tax purposes, as wholly irrelevant to our inquiry. Finally, we agree with the dissent that, inasmuch as no State transfer taxes are payable in connection with a condemnation proceeding, the provision in EDPL 702 (A) (1) for reimbursement of transfer taxes is essentially meaningless. We cannot understand, however, how the unanticipated subsequent enactment of Tax Law article 31-B could retroactively ameliorate this defect.

Turning to the State's cross appeal, inasmuch as Tax Law § 684 (a) prescribes that interest accrues at the administratively set rate from the date payment is due until the date it is paid, it was error for the Court of Claims to impose interest upon the outstanding balance only from the date of decision to the date of entry of the judgment. In view of the fact that the interest rate is subject to change and has indeed changed at least twice since January 16, 1991, the last date upon which interest was calculated upon the outstanding balance (see, Tax Law § 697 [j] [1]), and, further, that claimant evidently has made payments toward the outstanding balance, it is not possible to make a calculation based upon the evidence presented. Accordingly, the matter must be remitted to the Court of Claims for a recalculation of interest and the imposition of any applicable penalties.

MAHONEY, J. (concurring in part and dissenting in part). We cannot agree with the majority that its restriction of the term "transfer taxes" basically to the traditional Tax Law article 31 real property transfer tax (i.e., stamp tax) and the local documentary transfer taxes imposed under Tax Law article 29 is plainly obvious from a reading of EDPL 702 (A). Not only does this restrictive interpretation run contrary to the appar-

ent policy concerns underlying the statute, but inasmuch as the Legislature has *specifically provided* that the taxes to which the majority apparently limits the scope of the term are *not payable* in condemnation proceedings *(see,* Tax Law § 1405 [b] [1]), the practical effect of the majority's interpretation is to render the language at issue utterly meaningless. Such is a clear violation of the basic tenets of statutory construction *(see, e.g., Matter of Morton Bldgs. v Chu,* 126 AD2d 828, 830, *affd* 70 NY2d 725; McKinney's Cons Laws of NY, Book 1, Statutes § 231).

In our view, the term "transfer taxes" has a broader definition than that posited by the majority. Because the breadth of the term is not apparent from the face of the statute and examination of the legislative history is unavailing,[1] resort to the principles of statutory construction is of assistance as an initial aid to interpretation. In this regard, it is well established that doubtful statutory language is to be construed in context with and in a manner consistent with other words, clauses or phrases associated with or surrounding it (McKinney's Cons Laws of NY, Book 1, Statutes § 239). The language at issue here provides that reimbursement is to be made for "any recording fees, transfer taxes and other similar expenses in connection with the acquisition of property by the condemnor or in connection with the transfer of the property to the condemnor" (EDPL 702 [A] [1]). Examination of the immediately preceding phrase "recording fees", payment of which is incidental to the transfer and a prerequisite to recordation of the deed (CPLR 8021) and the final clause "similar expenses

---

1. A review of the legislative documents surrounding enactment of the EDPL (L 1977, ch 839) provides scant insight into the purpose or scope of the incidental expenses recovery provisions of EDPL 702 (A) (1). Examination of the Reports of the State Commission on Eminent Domain reveals that it was included in response to the mandates of the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (Pub L 91-646; 42 USC § 4651 *et seq.)* and derives almost verbatim from the short-lived Highway Law former § 30 (13-d) (enacted by L 1970, ch 249, § 18, repealed by L 1977, ch 840, § 40). While an examination of the legislative history underlying enactment of Highway Law former § 30 (13-d) indicates that it was added in response to the mandates of section 30 of the Federal-Aid Highway Act of 1968 (Pub L 90-495, adding 23 USC former § 507), it is silent as to the intended scope of the language *(see,* Governor's Bill Jacket, L 1970, ch 249). Research into the legislative history underlying the two Federal parent acts establishes only that the incidental expenses recovery provision apparently was *not* intended by Congress to make the condemnee economically whole after the acquisition *(see, Collins v United States,* 946 F2d 864).

in connection * * * with the transfer of the property" suggests, under the principles of *noscitur a sociis,* that the term "transfer taxes" likewise was intended to encompass those taxes, payment of which is triggered by the transfer of property and is necessary as a prerequisite to perfection of the transaction and recordation of the deed. The transfer gains tax, because it falls within that definition is, in our view, such a tax[2] *(see, Collins v United States,* 946 F2d 864, *supra; but cf., National R. R. Passenger Corp. v 10,178 Square Feet of Land,* 789 F Supp 142).

Contrary to the majority's assertion, we believe that this interpretation is consistent with and furthers the over-all purpose of the statute. Read in its entirety, the statutory scheme of EDPL 702 (A), which contemplates that the State, as transferee, will pay expenses that normally are paid by the transferor in a voluntary conveyance, indicates a definite policy determination by the Legislature to place condemnees in a *more* favorable position financially than they would occupy in an open market transaction. Clearly, interpretation of the language at issue to include the transfer gains tax rather than to exclude it furthers this legislative policy.

Finally, we are unpersuaded by the majority's equation of the adjective "incidental", which appears in the section heading and in the statutory language, with small or de minimis and its use of that interpretation as the underpinning for its restrictive interpretation of the term "transfer taxes". Inasmuch as certain of the statutorily reimbursable expenses can be significant, the majority's focus on this aspect to the exclusion of other relevant concerns is misplaced.

Accordingly, while we concur with the majority's resolution of the State's cross appeal, we would reverse the Court of Claims' order granting the State's motion to dismiss the complaint.

CASEY and HARVEY, JJ., concur with MERCURE, J. P.; MAHONEY, J., concurs in part and dissents in part in a separate opinion in which CREW III, J., concurs.

Ordered that the order is affirmed, without costs.

Ordered that the judgment is modified, on the law, without

---

2. In this regard, it is also not without significance that this position is supported at least inferentially by the State Department of Taxation and Finance *(see,* New York State Department of Taxation and Finance Publication 588, Questions and Answers—Gains on Real Property Transfers, Nov. 1984, at 27).

costs, by reversing the award of interest and penalties on the counterclaim; matter remitted to the Court of Claims for recalculation of interest and penalties applicable to the judgment granted on the counterclaim; and, as so modified, affirmed.