OPINION OF THE COURT
Smith, J.
The issue presented on this appeal is whether the real property transfer gains tax imposed pursuant to article 31-B of the Tax Law is a transfer tax or other similar expense within the meaning of EDPL 702 (A) (1) so as to require reimbursement by the State. We hold that since the transfer gains tax does not represent an incidental expense such as a recording fee, transfer tax, or a similar expense incurred in connection with the transfer of the property, it is not a transfer tax within the meaning of EDPL 702 (A) (1), and the State is not required to reimburse claimant for such taxes.
In March 1982, claimant purchased real property, known as *62 "Barcelona Neck,” located in the Town of East Hampton, Suffolk County, for $7,015,975. In August 1989, the State Department of Environmental Conservation acquired the property from claimant for $15,000,000 in an eminent domain proceeding.
Pursuant to article 31-B of the Tax Law, claimant, as the transferor, was required to pay a tax of 10% of the net profit realized from the conveyance, or $845,638.99. Claimant paid the tax under protest and, thereafter, sought reimbursement from the State. Claimant asserted that the tax was a transfer tax within the meaning of EDPL 702 (A) (1) and, as such, the State was required to reimburse him. The State refused the reimbursement request, asserting that the transfer gains tax is not a transfer tax within the meaning of EDPL 702 (A) (1).
Claimant commenced this action seeking reimbursement of the $845,638.99. The State counterclaimed against claimant for unpaid personal income taxes for 1989. The Court of Claims granted the State’s motions to dismiss the claim for failure to state a cause of action and for summary judgment on its counterclaim, and awarded the State interest and penalties on its counterclaim.
The Appellate Division modified on the law, by reversing the award of interest and penalties on the counterclaim and remitted the matter to the Court of Claims for recalculation of interest and penalties applicable to the judgment on the counterclaim, and, as so modified, affirmed (180 AD2d 299).[1] The Court held that "[t]he tax imposed by Tax Law article 31-B is neither 'incidental’ nor an 'expense’ incurred in connection with the transfer of the property * * *, bears no direct relationship to the consideration received for the property[, and] * * * is more in the nature of an income tax than a transfer tax” (id., at 301).
We agree with the majority at the Appellate Division that the tax imposed pursuant to article 31-B of the Tax Law (Tax Law § 1440 [7]; §§ 1441, 1443) is not a transfer tax within the meaning of EDPL 702 (A) (1).[2] The latter statute, enacted in *63 1977 and effective on July 1, 1978,[3] was intended to reimburse a person for incidental or attendant expenses in connection with property taken by eminent domain. There is nothing in article 31-B of the Tax Law or its legislative history to suggest that it was intended to be a transfer tax within the meaning of EDPL 702 (A)(1).
Claimant makes several arguments on this appeal. Claimant contends, first, that the real property transfer gains tax is a transfer tax within the meaning of EDPL 702 (A) (1), and not an income tax, because it is triggered by the transfer of real property. Claimant concedes that the transfer gains tax is measured by the taxpayer’s gain from the transfer of real property, but argues that the transfer gains tax focuses only on gains derived from a single transaction involving the transfer of real property wherein the consideration exceeds $1,000,000.
The State transfer tax is imposed "on each conveyance of real property or interest therein when the consideration exceeds five hundred dollars” (Tax Law § 1402). A tax is imposed pursuant to article 31-B only if there is a gain, that is "the difference between the consideration for the transfer of real property and the original purchase price of such property, where the consideration exceeds the original purchase price” (Tax Law § 1440 [3]). Therefore, it is a tax on the gain, not on the transfer.
In addition, a comparison of Tax Law § 1441 dealing with real property transfer gains taxes and Tax Law § 1402 dealing with real estate transfer taxes supports the conclusion that the transfer gains tax is not a transfer tax incurred in connection with the transfer of real property and as intended in EDPL 702 (A) (1).
The tax on gains derived from real property transfers is "imposed on gains derived from the transfer of real property within the state * * * [and is imposed] at the rate of ten percent of the gain” (Tax Law § 1441). The real estate transfer tax in Tax Law § 1402, on the other hand, bears a direct relationship to the consideration paid for the property, and is *64 "imposed on each conveyance of real property or interest therein when the consideration exceeds five hundred dollars, at the rate of two dollars for each five hundred dollars or fractional part thereof.” Thus, the real property transfer gains tax bears little similarity to a real estate transfer tax.
Claimant asserts, second, that the real property transfer gains tax is a transfer tax because, like other real estate transfer taxes, it must be paid before a deed of transfer can be recorded (Tax Law § 1447 [1] [f] [1] [i]). However, section 1447 (1) (f) (1) (i) requires only the payment of the "tentative assessment of the amount of tax * * * due”. The Tax Law indicates that "[t]he tentative assessment of the amount of tax due shall not be deemed to be a determination of the actual amount of tax due” (Tax Law § 1447 [2]). On the other hand, Tax Law § 1410 (b)[4] requires payment of the actual amount of the transfer tax due and states, in part, that "[a] recording officer shall not record an instrument effecting a conveyance unless * * * the real estate transfer tax due, if any, shall have been paid.” Thus, the transfer gains tax differs from a transfer tax in the amount of tax that must be paid before a deed of transfer can be recorded.
Third, claimant argues that, like the State transfer tax, the transfer gains tax places the burden of paying the tax upon both the transferors and the transferees (see, Tax Law § 1447 [3] [a]; § 1404 [a]). Tax Law § 1404 (a) imposes primary liability for payment of the real estate transfer tax on both the grantor and the grantee of real property and states that the transfer tax "shall be paid by the grantor * * * [and that] the grantee shall have the duty to pay the tax [if the grantor has failed to pay or is exempt from such tax].” That section also imposes joint and several liability on the grantor and the grantee where "the grantee has the duty to pay the tax because the grantor has failed to pay.” However, where a transferor has failed to pay the tentative assessment of real property transfer gains tax due, Tax Law § 1447 (3) does not automatically impose liability on the transferee. Rather, that section authorizes the Department of Taxation and Finance to place a lien on any money or other property owing from the transferee to the transferor. Section 1447 (3) provides, in part, *65 that "whenever [the Department of Taxation and Finance] shall inform the transferee that a tentative assessment of such tax exists, any sums of money, property or other consideration, which the transferee is required to transfer over to the transferor shall be subject to a first priority right for any such taxes stated to be due from the transferor to the state in such tentative assessment.” The section imposes personal liability on the transferee only where the transferee fails to comply with the provisions of the section of the Tax Law, or where the transferee supplies willfully false or fraudulent information. Thus, the liability imposed on a transferee for nonpayment of a real property transfer gains tax by the transferor differs significantly from the liability imposed on a transferee for nonpayment of a real estate transfer tax by a transferor.
Claimant’s assertion that the State Department of Taxation and Finance has consistently held that the real property transfer gains tax is a real estate transfer tax is unsupportable. The documents cited by claimant in no way reflect an expressed view by the Tax Department that the real property transfer gains tax is an incidental expense under EDPL 702 (A) (1) pursuant to which a condemnor must reimburse a condemnee.
Likewise, no support exists for claimant’s contention that the policies underlying EDPL 702 (A) (1) require reimbursement of the real property transfer gains tax. Claimant maintains that it would be inconsistent with the intent of the statute to require him to bear this tax, which he incurred as a result of a forced sale to the government through condemnation. No support exists for claimant’s position that the Legislature intended to place a condemnee of real property in a better position than a regular seller of real property. In fact, Tax Law § 1440 (7) defines "transfer of real property” as "the transfer or transfers of any interest in real property by any method, including but not limited to sale [or] * * * taking by eminent domain.”
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.

. While further judicial action is pending on the counterclaim, the main claim regarding the transfer gains tax has been finally determined. As those two claims are factually and legally discrete, that portion of the Appellate Division order pertaining to the main claim is final under the doctrine of implied severance (see, Sontag v Sontag, 66 NY2d 554). Only the transfer gains tax issue is before the Court.

. EDPL 702 (A) (1) states:
*63 "The condemnor shall reimburse a condemnee an amount separately computed and stated, representing the following incidental expenses:
"(1) any recording fees, transfer taxes and other similar expenses in connection with the acquisition of the property by the condemnor or in connection with the transfer of the property to the condemnor”.

. L 1977, ch 839, § 1 [§ 702],

. Tax Law § 1410 (b) provides: "A recording officer shall not record an instrument effecting a conveyance unless the return required by section fourteen hundred nine of this article has been filed and the real estate transfer tax due, if any, shall have been paid as provided in this section.”