■ In the Matter of 52ND STREET DESIGNEE CORPORATION et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [722 NYS2d 283] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioners' applications for a refund of real property transfer gains tax imposed pursuant to Tax Law former article 31-B.

Petitioners owned real property that was taken by the State through its power of eminent domain. Petitioners do not dispute that they received full market value for their respec-

tive properties but objected to the imposition of the transfer gains tax which was applied to transfers of real property where the consideration was $1,000,000 or more pursuant to Tax Law former article 31-B.[1] Petitioner 52nd Street Designee Corporation was assessed real property gains taxes in the amount of $149,399 and petitioner E.L.C. Hotel Corporation was assessed real property tax gains in the amount of $606,224 as a result of the eminent domain transactions.

Claiming that the imposition of the transfer gains tax to eminent domain proceeds was unconstitutional, petitioners paid the tax under protest and filed claims for refunds which were denied. Petitioners' subsequent administrative appeals were consolidated and denied on the grounds that the Division of Tax Appeals lacked jurisdiction to rule on the constitutionality of the transfer gains tax. That decision was affirmed by respondent Tax Appeals Tribunal and this CPLR article 78 proceeding followed.

The sole question raised by this proceeding is whether the application of the gains tax to petitioners' transfers of their real properties in condemnation was unconstitutional. Petitioners reason that the gains tax they were required to pay deprived them of just compensation for their property guaranteed under both the State[2] and Federal[3] Constitutions. We reject petitioners' argument since we are of the opinion that the imposition of the gains tax was an indirect cost of these transactions to petitioners and not a factor in determining the amount of just compensation to which they are constitutionally entitled (*see, United States v Bodcaw Co.*, 440 US 202, 203; *Heller v State of New York*, 81 NY2d 60, 62).

---

1.  Tax Law former article 31-B was repealed by the Laws of 1996 (ch 309, § 171). The specific provisions applicable here read as follows:

"A tax is hereby imposed on gains derived from the transfer of real property within the state. This tax shall be at the rate of ten percent of the gain" (Tax Law former § 1441 [1]).

" 'Transfer of real property' means the transfer of any interest in real property by any method, including but not limited to * * * taking by eminent domain" (Tax Law former § 1440 [7] [a]).

"A total or partial exemption [from the tax] shall be allowed in the following cases:

"1. If the consideration is less than a million dollars" (Tax Law former § 1443).

2.  NY Constitution, article I, § 7 (a) states that "[p]rivate property shall not be taken for public use without just compensation."

3.  US Constitution, 5th Amendment provides that "nor shall private property be taken for public use, without just compensation."

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.